## CHASE and others v. TUTTLE and others.[1]

*(Circuit Court, N. D. New York. April 5, 1886.)*

1. PATENTS FOR INVENTIONS — INJUNCTION — CIRCULARS CHARGING INFRINGEMENT.

An injunction to restrain defendants' use of circulars charging infringement of their patent by complainant, and threatening the trade with infringement suits, refused, where the question of infringement had never been decided, and where it was not shown that the statements of the defendants were false or fraudulent.

2. SAME—JURISDICTION.

The court had grave doubts whether it had jurisdiction for the purpose of granting an injunction to restrain the use of circulars charging infringement of patents.

3. SAME.

Although an opinion stated in a circular may be erroneous, an injunction will not be issued to restrain the use of such a circular, where it is not shown that the statements contained in it are false or fraudulent.

4. SAME—SUGGESTION AS TO CIRCULARS.

The court suggested that it would perhaps save misunderstanding if the defendants in the future should attach to their circulars a cut of the harrow covered by their patent, in order that persons charged with infringement might act intelligently.

The defendants in this case had brought suit against the complainants under the Garver patent for spring-tooth harrows, and alleged that the complainants' "Clipper" spring harrow was an infringement. After that suit was commenced defendants issued circulars notifying the trade that such suit had been brought, and warning all dealers that if the case was decided in their favor they would hold all infringers liable to the full extent of the law. Complainants thereupon filed this bill, and asked an injunction to prevent the continued issue of circulars by defendants, which circulars complainants alleged to be false, as they contended that their "Clipper" harrow did not infringe the Garver patent. One defense made against the motion for an injunction was that a court of equity had no power to issue an injunction to prevent the continued use of circulars alleged to be a slander upon complainants' title to make their harrow.

*John R. Bennett, Fred. G. Fincke,* and *N. H. Stewart,* for the motion.

*Charles H. Duell,* opposed.

COXE, J. The question whether or not the harrow manufactured by the complainants, and known as the "Clipper" spring harrow, is an infringement of the Garver patent, has never been judicially decided. The complainants contend that it does not infringe; the defendants are equally persistent in their assertion that it does. Neither have been slow in expressing their opinions, or parsimonious in the use of notices and circulars setting forth in plain and vigorous

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

language their respective views upon the proposition at issue. Upon these papers, however, it cannot be successfully maintained that the defendants have made false or fraudulent statements regarding the complainants or their property. They have freely expressed their opinion, and this opinion may be an erroneous one; but nothing beyond this is shown. Assuming, then, that the court has jurisdiction, —and the examination I have been able to give to the subject leaves a very grave doubt in my mind upon this question,—the motion must be denied for the reason that the defendants have done nothing illegal or fraudulent in advertising their harrows.

It would, perhaps, save misunderstanding if the defendants, in the future, should attach to their circulars a cut of the harrrow covered by the Garver patent in order that persons charged with infringement may act intelligently. The court can advise this course, but cannot compel it.

The motion is denied.