## MITCHELL v. INTERNATIONAL TAILORING CO.

### (Circuit Court, S. D. New York. March 15, 1909.)

1. EQUITY (§ 196*)—CROSS-BILL—NECESSITY TO ENTITLE DEFENDANT TO AFFIRMATIVE RELIEF.

It is the general rule in equity that a defendant can obtain affirmative relief, as by injunction, only by filing a cross-bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 450; Dec. Dig. § 196.*]

2. PATENTS (§ 294*) — SUIT FOR INFRINGEMENT—NOTICE OF SUIT SENT BY COMPLAINANT TO DEFENDANT'S CUSTOMERS—INJUNCTION.

An injunction denied to the defendant in a pending suit for infringement of a patent to restrain complainant from sending circulars to defendant's customers giving notice of the suit, and warning them against contributory infringement, where the statements made in such circulars were true, and there was no evidence of bad faith.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 294.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. On petition by defendant for injunction.

See, also, 170 Fed. 91.

Philipp, Sawyer, Rice & Kennedy, for complainant.

Kenyon & Kenyon, for defendant.

WARD, Circuit Judge. This is a petition by the defendant for an order restraining the complainant from issuing infringement notices. The complainant, owner of United States letters patent 861,747 and 861,749, issued July 30, 1907, for advertising devices, has brought suit against the defendant for infringement. A motion for preliminary injunction is pending, and the defendant has filed a demurrer.

The patented devices are in the form of a communication which contains a name and address, and their object is that this shall be preserved after the circular has been thrown away. To this end it is printed on an attractive picture, easily detached, or on a card inserted in the letter. The scheme is that the manufacturer of any article, say clothing, shall get from local clothes dealers a list of their customers, and to these customers the patented letters are sent, directly informing them that the manufacturer's goods can be had of the local dealer, whose name and address are inclosed. The bill charges that the defendant has sent out similar devices to customers of local ready-made clothes dealers. After beginning this action the complainant sent out infringement notices to the local dealers, or some of them, who had furnished mailing lists to the defendant, informing them that this action had been begun, that they would be treated as contributory infringers if it were found that they had so supplied the defendant, and

requesting them to authorize the complainant's attorney on their behalf to prevent these mailing lists from being so used. These notices have evidently caused more or less of a panic among the defendant's customers, and are clearly very embarrassing to its business. For this reason the defendant has filed this petition for an order restraining the complainant from continuing to send out such notices, pending the decision of the demurrer, and until the further order of the court.

The petition contends that the patents are obviously invalid and that the circularizing is done in bad faith. The general rule in equity certainly is that a defendant can obtain affirmative relief only by filing a cross-bill. 16 Cyc. 324. It is true that applications like this have been considered. New York Filter Co. v. Schwarzwalder (C. C.) 58 Fed. 577; Warren Featherbone Co. v. Landauer (C. C.) 151 Fed. 130. But injunctive relief was denied, and the question of practice was not raised. In Kelley v. Ypsilanti Co., 44 Fed. 19, 23, 10 L. R. A. 686, the question was raised, but not passed upon, because the injunction was denied.

Conceding that I have power to do so, I think I should not grant the relief prayed for. No opinion upon the patents need now be expressed, because at this stage of the case they must be taken to be valid. The papers submitted do not satisfy me that the complainant is acting in bad faith. The statements contained in its circulars are truthful, and it has in support of its patents brought suit in this circuit against the defendant, a manufacturer, and in the Circuit Court for the District of Indiana against a local dealer, who is alleged to have furnished the defendant with a mailing list of his customers. There is no reason to suppose that the complainant doubts the validity of his patents, and, if they are valid, local dealers who furnish mailing lists to the defendant, knowing or having reason to know that the defendant will use them for the purpose of circulating infringing devices, do contribute to the infringement.

As the complainant is acting within his rights, the prayer of the petition is denied.