SALT'S TEXTILE MFG. CO. v. TINGUE MFG. CO.

(District Court, D. Connecticut. October 4, 1913.)

No. 1,379, in Equity.

PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.

Rule 30 of the new equity rules (198 Fed. xxvii, 115 C. C. A. xxvii), which requires the answer to state any counterclaim arising out of the transaction which is the subject-matter of the suit, should be liberally and not narrowly construed, and a counterclaim set up in the answer in

---

an infringement suit setting out a transaction arising out of complainant's claim of infringement from which defendant alleges he suffered damages is within the rule.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity. Suit by the Salt's Textile Manufacturing Company against the Tingue Manufacturing Company. On motion to strike out counterclaim. Motion denied.

Gifford & Bull, of New York City, for complainant.

Baird, Cox & Scherr, of New York City, for defendant.

MARTIN, District Judge. This action was brought upon an alleged infringement of the plaintiff's patent, which relates to a particular manner of making cloth. The defendant concedes the issuing of letters patent but denies infringement and avers that it has been engaged in the use of the complainant's method of making cloth for many years antedating the plaintiff's patent.

The defendant also undertakes to make use of equity rule 30 (198 Fed. xxvii, 115 C. C. A. xxvii), which reads in part as follows:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit and may without cross-bill set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claim."

The defendant alleges that it has a counterclaim against the plaintiff in that the defendant gave the plaintiff a sample of the fabric which it used long prior to the plaintiff's patent and that said sample was substantially the same as the cloth manufactured under the patent in suit, and further alleges that the plaintiff admitted that it was an answer to the alleged infringement, but thereafter brought this suit and caused the defendant damages in advertising to the trade the pendency of the suit, etc.

It is now moved that this answer be stricken out as not coming within the provision of said rule 30. In support of said motion counsel for the plaintiff cites the opinion of Judge Dodge in Terry Co. v. Sturtevant Co. (D. C.) 204 Fed. 103. The language quoted in the plaintiff's brief from Judge Dodge's opinion aptly applies to the case he had in hand, for there the defendant attempted to make use of rule 30 by charging the plaintiff with infringement of a patent which the defendant had become the owner of. Nothing of that sort appears in this answer.

The language from the opinion of Judge Hazel in Williams Co. v. Kinsey Co. (D. C.) 205 Fed. 375, is also referred to. I am not sufficiently familiar with the equities of the case that the learned judge had before him to discuss this opinion.

As I understand, the object and purpose of these new rules in equity, including rule 30, is to lessen costs for litigants in the court of

equity, bring about more speedy and effective relief to the parties therein, do away with technical questions that may be a hindrance to speedy justice, and settle all matters in controversy between the parties that may fairly arise from the allegations of the complaint. To meet these demands, rule 30 should be construed liberally, not narrowly. The language of the rule is:

"The answer must state (not may state) any counterclaim arising out of the transaction which is the subject-matter of the suit and may, without cross-bill, set out any set-off or counterclaim against the plaintiff," etc.

This is to afford an opportunity for the defendant, by answer only, to assert any wrong which he claims to have suffered arising from the matters alleged in the bill.

The answer in the case at bar sets out a transaction that grew out of the plaintiff's claim of infringement of his patent and, in my opinion, is within the rule.

The motion to strike out is denied.