## ART METAL WORKS, Inc., v. AUTO MATCH CORPORATION.

District Court, S. D. New York. January 8, 1930.

Walton Harrison, of New York City (T. Hart Anderson, of New York City, of counsel), for defendant.

Ward, Crosby & Neal, of New York City (Page S. Haselton, of New York City, of counsel), for plaintiff.

WOOLSEY, District Judge. The defendant's motion for an injunction pendente lite is denied.

I. At the argument I denied the plaintiff's motion to strike out the counterclaim for unfair competition.

As for jurisdiction over the subject-matter, there is the necessary diversity of citizenship and the necessary jurisdictional amount alleged to be involved.

As the counterclaim is one which might have been the subject-matter of an independent suit in equity against the plaintiff, Equity Rule 30 (28 USCA § 723), it is properly pleaded in this case. Vacuum Cleaner Co. v. American Rotary Valve Co. (D. C.) 208 F. 419; Buffalo Specialty Co. v. Van Cleef (D. C.) 217 F. 91. Cf. Frankart, Inc., v. Metal Lamp Corporation (D. C.) 32 F.(2d) 920; Salt's Textile Mfg. Co. v. Tingue Mfg. Co. (D. C.) 208 F. 156, 158.

As the plaintiff has submitted itself to the jurisdiction of the court by bringing suit in this district, it cannot properly object to the venue.

II. Now I have to deal with the defendant's motion for an injunction pendente lite restraining the plaintiff, its officers and employees from intimidating defendant's customers and from falsely circularizing the trade on the subject of this litigation.

The principal emphasis is put, by the defendant's affidavits in this motion, on a letter written to the trade by the plaintiff on September 10, 1929, shortly after the complaint herein was verified, and the very day, as I understand it, when the defendant was served with the subpœna herein. This letter was written on the plaintiff's letterhead, and read as follows:

"September 10, 1929

"Important!

"Some time ago we notified the manufacturers of the so called 'Automatch' cigar lighter that such lighter in the opinion of counsel, infringed our U. S. Letters Patent No. 1,673,727, under which our widely known 'Ronson De-Light' is manufactured.

"Thereupon we were advised through an attorney for Automatch Corporation that that corporation had made various changes in their lighter construction, it being indicated that such new construction would avoid infringement of our patent. However, it now appears that such changes as may have been made in the 'Automatch' lighter were merely trivial and do not avoid infringement. Accordingly we have now brought suit against Automatch Corporation for an injunction and damages, charging infringement of the above patent.

"May we solicit your continued cooperation in insisting upon handling only genuine 'Ronson De-Lights' and in shunning imitators who are attempting to profit from our national goodwill and reputation in disregard of our rights and the best interests of the trade?"

The trouble with defendant's position is not only that the letter is in no sense threatening, but also that the statements in the second paragraph of the letter, of which the defendant specially complains, are substantially true, as the affidavits from both sides herein show.

This letter seems from the defendant's affidavits to be the head and forefront of the plaintiff's offending. The other statements in the defendant's affidavits are mere general statements of the conclusions and impressions received by the defendant's president in a tour among his customers throughout the country.

The alleged fact that one dealer, after receipt of the plaintiff's letter of September 10th, canceled an order with the defendants and returned some goods, does not, if true, prove that the letter was improper, for the customer in question may have been a timid

soul. This is the only instance cited by the plaintiff of damage supposed to have resulted to it from this act of the defendant.

The propriety of the plaintiff's letter of September 10th, is to be judged by its terms in the light of the facts, not by its effect in one isolated instance.

I think the letter of September 10th is not objectionable. It would be quite inappropriate for me to grant so drastic a remedy as an injunction pendente lite on the showing which the defendant has here made. Cf. Mitchell v. International Tailoring Co., 169 F. 145, 146 (C. C. S. D. N. Y.); Parker Pen Co. v. Firestone (D. C.) 7 F.(2d) 753, 756; Kelley v. Ypsilanti Dress Stay Mfg. Co. (C. C.) 44 F. 19, 10 L. R. A. 686; Virtue v. Creamery Package Mfg. Co., 179 F. 115, 120 (C. C. A. 8).

In the last-named case, the Circuit Court of Appeals for the Eighth Circuit said, in 179 F. at page 120:

"The only limitation on the right to issue such warnings is the requirement of good faith. There is nothing in the warnings given in this case to show that the letters or notices were false, malicious, offensive, or opprobrious, or that they were used for the wilful purpose of inflicting injury. In such a case it was said, in Kelley v. Ypsilanti, supra:

" 'It would seem to be an act of prudence, if not of kindness, upon the part of a patentee, to notify the public of his invention, and to warn persons dealing in the article of the consequence of purchasing from others. Chase v. Tuttle (C. C.) 27 F. 110; Boston Diatite Company v. Florence Manufacturing Company, 114 Mass. 69 (19 Am. Rep. 310); Kidd v. Horry [C. C.] 28 F. 773.' "

The cases cited by the defendant in support of his motion involved letters and acts of a very different type, and are not applicable to the situation involved herein.