### MAGNETIC ENGINEERING & MFG. CO. v. DINGS MAGNETIC SEPARATOR CO.

United States District Court
S. D. New York.

June 15, 1949.
Order Modified in Part and Appeal
Dismissed in Part Jan. 4, 1950.
See 178 F.2d 866.

14

Robert E. Burns, New York City (Asbury S. Edmonds, New York City, of counsel), for plaintiff.

Ward, Crosby & Neal, New York City (Joshua Ward, New York City, of counsel), for defendant.

HULBERT, District Judge.

There are numerous motions by both plaintiff and defendant in this action now pending before the Court. Plaintiff moves to (1) amend the complaint, and (2) secure a temporary injunction. Defendant moves (1) for a transfer of the action under 28 U.S.C.A. § 1406 for improper venue, (2) for transfer because of forum non conveniens under 28 U.S.C.A. § 1404, (3) to dismiss a portion of the complaint for failure to state a claim on which relief can be granted, and (4) for a more definite statement as to certain matters in the complaint. The motions will be considered and disposed of separately.

*Motion to amend complaint.*

Plaintiff seeks to amend paragraph 11 of its complaint to read as set forth in the notice of motion. Defendant objects to the amendment on the ground that it would not alter the questions of improper venue raised by defendant's motions and also that the complaint as amended would still fail to set forth sufficient facts to give rise to a claim under the anti-trust laws. Defendant, however, cannot be prejudiced by the amendment. The action is not yet ready for trial, the complaint having only been filed on April 6, 1949. Furthermore, on the argument of the motions, defendant urged its motion to dismiss on the basis of both the original and proposed amended complaint. The motion to amend is granted, and the Court will consider the com-

plaint as amended in disposing of the remaining motions.

### Motion for more definite statement.

 The complaint, in form, sets forth one count. The prayer for relief, asks for the following: a declaratory judgment of non-infringement of defendant's patents, a declaration of the invalidity of defendant's patents, a judgment for $750,000 which is treble the damages alleged in paragraph 11 of the amended complaint, and an injunction restraining defendant from interfering with plaintiff's business or customers. In essence, the complaint sets forth two claims: (1) for a declaratory judgment, with incidental injunctive relief, adjudging the invalidity and non-infringement of defendant's patents, and (2) for treble damages under the anti-trust laws because of defendant's alleged illegal price fixing and monopoly in restraint of trade. As a matter of fact, plaintiff in its memorandum on these motions admits that the action seeks these forms of relief. Therefore, it is apparent that the complaint would be subject to a motion under Rule 10(b), Federal Rules Civil Procedure, 28 U.S.C.A., to separately state and number the counts. We will consider the motion for a more definite statement to be such.

Plaintiff asserts that defendant's motion to dismiss certain paragraphs of the complaint is "unique", but the reason for defendant's motion taking that form is plaintiff's failure to separately state and number its claims. Thus defendant was obliged to attack those paragraphs which it felt asserted the faulty claims.

 Furthermore, the Court feels that the complaint, even as amended in paragraph 11, does not adequately set forth plaintiff's claim under the anti-trust laws. When plaintiff amends its complaint to separately state and number the counts, it is directed to set forth a more definite statement as to item 5(b) in defendant's notice of motion. As to item 5(a), plaintiff is to make a more definite statement by identifying by name and date all prior patents and publications to be relied upon.

Motion for more definite statement granted to extent indicated above, and plaintiff is directed to serve its amended complaint within 60 days after entry of an order hereon.

### Motion to dismiss.

 Because of the disposition of the motion for a more definite statement, the motion to dismiss is denied, without prejudice to a renewal thereof after the amended complaint is served.

### Motion to transfer.

Defendant seeks the transfer of this action to the District Court for the Eastern District of Wisconsin on the ground that the venue is presently laid in the wrong District, that the Court lacks jurisdiction over the defendant in this District, and that defendant has not been properly served with process here. As an alternative form of relief, defendant seeks a transfer of the action on grounds of forum non conviens under 28 U.S.C.A. § 1404(a).

Defendant, a Wisconsin corporation, is not registered to do business in this District, and asserts that it is not doing business here.

 A few preliminary observations are in order before considering the merits of the motions. That the doctrine of forum non conveniens as codified in revised Title 28 U.S.C.A. § 1404(a) applies to actions under the anti-trust laws has recently been decided in the affirmative. U. S. v. National City Lines, 1949, 337 U.S. 78, 69 S.Ct. 955, 959. The Court will consider both motions addressed to venue at the same time because the question of corporate "presence" (raised by defendant in motion under sec. 1406) is very closely allied to, and at times may be coincidental with, the doctrine of forum non conveniens. Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 1949, 175 F.2d 184.

For the most part, plaintiff and defendant agree on the facts relevant to these motions. One Herbert F. Motz has secured office space at 50 Church Street, New York, N. Y. for the purpose of soliciting custo-

mers for apparatus manufactured by defendant. By the terms of his arrangements with defendant, Motz is free to solicit business for other manufacturers as well as defendant. Prior to Motz' connection with defendant early in February 1949, defendant had another representative in this district, George I. Thatcher, who also had offices at 50 Church Street. Letters attached to affidavits in opposition to these motions indicate that Thatcher was connected with defendant as far back as February 1936.

Motz receives compensation from defendant in the form of commissions on orders solicited; Motz' operating expenses are paid by himself, although defendant at times advances funds against future commissions "to defray operating and living expenses"

Motz has the name "Dings Magnetic Separator Company" painted on the door of his office, and also had a telephone installed and listed in the telephone book under the company's name, with the company's acquiescence. Motz' affidavit sets forth the manner of his doing business as follows:

"When a prospective buyer of Dings Company equipment comes to my attention, it is my practice to submit to such buyer a proposal in accordance with data furnished to me by said Company, which proposal gives specifications of the equipment which I believe the customer desires and a proposed price therefor which is specified as being subject to change without notice. I send copies of all such proposals which I submit to prospective buyers to the Dings Company, Milwaukee, Wisconsin for their information and approval, the same all being subject to said Company's approval, rejection or modification in Milwaukee. The practice then is for the buyers to mail to me on their own stationery or order blanks orders for the equipment which they desire, and it is then my practice to address informal letters of thanks to the customers, and to advise them that I have forwarded the order to the factory of the Dings Company, at Milwaukee, Wisconsin." From that point on, Motz has nothing further to do with the processing, filling, or collection of payment for, the orders.

Other factors bearing significantly on this question are summarized below:

Communications between Motz in New York and defendant in Milwaukee were written on paper entitled "Inter-Office Correspondence". In advertising literature proposed to be sent out by defendant, reference to Motz is made as "our new Sales Manager in your area". Letterheads on stationery used by Motz to write to prospective customers contain the company's name and Milwaukee address, and also the notation, "New York Office" followed by the New York address and telephone number. A catalogue of defendant lists the addresses of its branch offices including the New York office.

Venue of the anti-trust claim is laid under sections 4 and 12 of the Clayton Act, 15 U.S.C.A. §§ 15, 22, under which venue is proper in any district in which a defendant resides, is found, or has an agent, and for corporate defendants this includes any district in which it transacts business; venue of the declaratory judgment count is assumed to be under the general venue statute, 28 U.S.C.A. § 1391(c), under which a corporation may be sued in the district in which it is incorporated, or licensed to do business or is doing business.

■ Under the facts as detailed above, it is apparent that defendant comes within the literal meaning of the venue statutes. That Motz is defendant's agent can hardly be denied; and the continuous solicitation of business was itself "doing business" within the meaning of the venue statute. Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788. Cf. also International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 in which the facts were substantially similar to those herein, with one exception (discussed below).

■ Although the defendant comes within the literal language of the venue statutes, it still remains to be determined whether this forum would be so inconven-

ient to defendant as to trespass on its right of due process. Latimer v. S/A Industrias Reundias F. Matarazzo, supra. If the subject matter of the action arose out of defendant's activities in this district, which is the distinguishing factor in the International Shoe Company case, the question of convenience would hardly detain us. But nowhere in either the complaint or plaintiff's affidavits is this fact alleged.

It is uncontradicted that no director, officer or employee of defendant, other than Motz, is located in this district. Defendant owns no property here (the office equipment in New York was supplied by Motz).

The complaint does not allege the other parties who entered into the alleged illegal price fixing agreements with defendant. However, from an affidavit submitted by plaintiff it is asserted that one James J. Ferris attended meetings in Milwaukee, Wisconsin, between defendant and two other Wisconsin corporations at which the alleged agreements were made. Presumably the testimony of the people who attended these meetings, named in the affidavit, will be necessary in defense of the claim under the anti-trust laws. Furthermore, all defendant's officers, books and records are located in Wisconsin and would be more readily available for inspection and examination there than in this district.

■ In opposition to the motion to transfer, plaintiff urges that a large percentage of the installations which have been claimed to infringe defendant's patents are located nearer to this district than to the Eastern District of Wisconsin; but none of them are alleged to be within this district. Thus, this fact does not aid plaintiff. Plaintiff is also not located within this district. One of plaintiff's customers who has been allegedly threatened by defendant has its headquarters in New York City, and four expert witnesses for plaintiff "reside within a radius of 35 miles of New York City." The residence of expert witnesses cannot be considered as controlling, or even of great importance, in determining questions of forum non conveniens. Fifth & Walnut, Inc., v. Loew's, Inc., D.C.S.D.N.Y.1948, 76 F.Supp. 64, 67.

Thus, the convenience of plaintiff in having the action tried here is reduced to the convenience of one witness, a customer of plaintiff's. Certainly the convenience of defendant and its witnesses, and the convenience of the Court with its heavily overburdened calendars greatly outweigh this convenience to plaintiff in this action which did not arise out of defendant's activity in this district. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

■ For all of the foregoing reasons the Court concludes that there does not exist here that second element in "presence" necessary to subject the defendant corporation to suit here in this action. Cf. Hutchinson v. Chase & Gilbert, Inc., 2 Cir., 45 F.2d 139. The motions to transfer are granted and the whole action (both the declaratory judgment and anti-trust claims) will be transferred to the Eastern District of Wisconsin.

### Motion for temporary injunction.

■ Plaintiff seeks an injunction pendente lite restraining defendant from interfering with plaintiff's customers by writing letters to them threatening them with suit on account of alleged use or infringement of any of the patents involved in this suit. The basis of the motion is a series of letters sent out by defendant, one to plaintiff, and others to customers of plaintiff informing them of alleged violations of defendant's patent rights. There is nothing in the moving papers to justify a conclusion that these letters were sent out in bad faith or otherwise than as notices of infringement as provided for in the patent laws, 35 U.S.C.A. § 49. Since defendant is specifically permitted to send out such notices, in the absence of a showing of bad faith the motion must be denied. Art Metal Works, Inc., v. Auto Match Corp., D.C. S.D.N.Y.,1930, 36 F.2d 954; cf. also Zephyr American Corp. v. Bates Mfg. Co., D.C. N.J.,1945, 59 F.Supp. 573.

Settle orders on notice.