## WEBSTER–CHICAGO CORP. v. MINNEAP-OLIS–HONEYWELL REGULATOR CO.

Civ. No. 1362.

United States District Court
D. Delaware.

July 13, 1951.

504

E. Ennalls Berl, Berl, Potter & Anderson, Wilmington, Del., Paul Kolisch and J. Pierre Kolisch, New York City, for plaintiff.

William Prickett, Wilmington, Del., Will Freeman, Chicago, Ill., George H. Fisher, Minneapolis, Minn., and George E. Frost and Bair, Freeman & Molinare, all of Chicago, Ill., for defendant.

RODNEY, District Judge.

This is a motion of the defendant, under 28 U.S.C.A. § 1404(a), to transfer the cause to the District Court for the Northern District of Illinois.

By the action the plaintiff seeks a declaratory judgment as to certain patents owned by the defendant.

The plaintiff alleges the following facts: that it is engaged in the manufacture, assembly and sale of certain mechanical, electrical and electronic devices in which certain controlling switches are used; that its only source of supply of these switches is a company—the Cherry-Channer Corporation—at Highland Park, Illinois. The plaintiff alleges that in February, 1950, it had been advised by the Mead Manufacturing Company, the predecessor in business of the Cherry-Channer Corporation, that it, the Mead Company, had been notified by the defendant or its predecessor in ownership of the patents, that the switches furnished by the Mead Company to the plaintiff constituted infringement of patents and that a suit would be brought therefor. The plaintiff agreed to compensate the Mead Company for expenses necessitated by said threat of patent infringement and, in February, 1951, received a demand from Cherry-Channer Corporation in excess of $6,000, which Cherry-Channer Corporation contended it had to pay to defendant as a patent royalty under said patents.

The plaintiff further alleges that in March, 1951, the plaintiff first learned of a patent license agreement between the defendant and Cherry-Channer Corporation and that the latter corporation, on January 25, 1951, had agreed with the defendant to pay royalties under said patents for all switches furnished by Cherry-Channer Corporation to the plaintiff, beginning May 1, 1952.

The plaintiff seeks a judgment of invalidity and non-infringement of said patents.

The defendant, in seeking the transfer, contends that it is more convenient both for parties and witnesses to try the case in Illinois than in Delaware. The convenience of parties will not be considered at length except as it is interwoven with the convenience of witnesses. It is true that the plaintiff's place of business is in the Northern District of Illinois and the defendant likewise maintains a place of business there and would be there liable to suit. The defendant, however, is incorporated in Delaware and the plaintiff has exercised its option to bring the suit in Delaware and, had there been no transfer provision, it is difficult to see how the action could have been dismissed under forum non conveniens. The transfer statute, however, allows a transfer when conveniences are clearly established. The venue privilege of the plaintiff is of substantial weight, and, as said in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Insofar as the convenience of parties is concerned, separate and distinct from the convenience of witnesses, there seems to be no balance in favor of the defendant sufficient to override its clear choice of venue.

More detailed consideration must be given the question of convenience of witnesses, upon the testimony of whom the case must be decided. Two questions appear to be involved. The complaint seeks to have determined questions concerning the validity and infringement of defendant's patents. It is stated that witnesses as to this issue would be very largely witnesses expert in the field of patents. The plaintiff states that such witnesses on its behalf would come from New York and that Delaware would be a more convenient forum than Illinois. The defendant's witnesses on this issue are not entirely disclosed. It has been intimated that certain witnesses may be called as to this issue who might not fall into the expert classification, but questions of validity of patents usually are largely determined by expert testimony. It has been determined "that the residence of expert witnesses cannot be considered as controlling or even of great importance in determining questions of forum non conveniens."[1] This may be because such witnesses are usually selected because of their reputation and special knowledge and without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any. Insofar as the issue of validity and infringement of the patents is concerned, the convenience of witnesses does not seem sufficiently clear to justify a transfer.

The present motion to transfer was filed before answer. By affidavit the defendant alleges that it will raise the issue of the existence of a justiciable controversy between the parties and this issue is repeated and relied upon in the briefs. This court is entitled to rely upon the affidavits and statements of reputable counsel and to assume that an issue of the existence of a justiciable controversy alleged by the plaintiff and denied by the defendant will be presented. The question remains how this jurisdictional question is to be determined. It usually arises on motions to dismiss or for summary judgment. In Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, it was held that such motions could not be determined upon conflicting or contrasting affidavits. In Frederick Hart & Co. v. Recordgraph Corp., D.C., 73 F.Supp. 146, it was not considered that the affidavits were conflicting. The only alleged threat there was in a conversation at a meeting where only one Murray and one Weber were present. Murray made affidavit of the exact conversation and that nothing transpired from which a threat could

---

1. Magnetic Engineering & Mfg. Co. v. Dings Magnetic Separator Co., D.C., 86 F.Supp. 13.

506

be implied. Weber refused to make affidavit. A hearsay affidavit by a third party was filed reciting subsequent conversation with Weber. The District Court did not consider this last-mentioned affidavit. The Court of Appeals considered the affidavits as conflicting and determined that a question of fact having arisen, the motions to dismiss or for summary judgment should have been denied.

■ Assuming, then, that in this case the existence of a justiciable controversy will be denied by the defendant, then this issue must be first determined, for upon this the jurisdiction depends.

■■ At the present stage of this case, however, it is not clear that the existence of a justiciable controversy may not be raised by motion as suggested by the defendant. For the determination of such motion witnesses may not be essential nor their convenience considered. If the existence of a justiciable controversy becomes a factual issue determinable in some manner by affidavits, deposition or actual witnesses, then the necessity of such witnesses, their number and convenience may be considered in any subsequent proceedings.

■■ The transfer statute, Sec. 1404(a), in addition to the convenience of parties and witnesses, provides for a transfer "in the interest of justice". This "interest of justice" may be a reason separate and distinct from the convenience of parties and witnesses as well as a necessary resultant factor from such conveniences.[2] Here, however, no interest of justice as distinct from convenience of parties or of witnesses is discernible.

In Brown v. Insurograph Co.,[3] a motion to transfer was made before answer and the court considered somewhat the convenience of witnesses who were expected to be later called. In that case, however, the prospective field of testimony was to be disclosed by an equitable plea which could not, as here, be possibly determined

by motion and, if presented, the witnesses would be essential.

The present motion to transfer must be denied.

---

2. Cinema Amusements v. Loews, Inc., D. C., 85 F.Supp. 319, 326.

3. D.C., 85 F.Supp. 328.