The COLD METAL PRODUCTS COMPANY, a corporation, Plaintiff,

v.

CRUCIBLE STEEL COMPANY OF AMERICA, a corporation, Defendant.

Civ. 1231–52.

United States District Court, D. New Jersey.

Dec. 22, 1954.

---

O'Mara, Schumann, Davis & Lynch, Edward J. O'Mara; Jersey City, N. J., for plaintiff, William H. Webb (Pennsylvania Bar), Pittsburgh, Pa., of counsel.

Pitney, Hardin & Ward, Frank C. O'Brien, Newark, N. J., for defendant, Charles H. Walker (New York Bar), New York City, of counsel.

MODARELLI, District Judge.

This suit was started on December 18, 1952, by plaintiff, The Cold Metal Products Company, an Ohio corporation, patents' licensor, against Crucible Steel Company of America, a New Jersey corporation, plaintiff's former licensee, for royalties allegedly owed prior to the termination on April 1, 1953, of a license contract entered into September 30, 1946. On July 2, 1954, plaintiff commenced an action in the United States District Court for the Western District of Pennsylvania against defendant for patents infringements.

In this action defendant now moves (a) under Rule 13(e) of the Federal Rules of Civil Procedure, 28 U.S.C. for permission to file a supplemental counterclaim seeking a declaratory judgment that certain patents are invalid and have not been infringed by defendant, and (b) for an order enjoining plaintiff from prosecuting its Pennsylvania action for alleged infringment of such patents, which action was commenced ten days prior to the date on which defendant filed these motions. Since defendant's two motions are closely related, they will be discussed as one motion.

The motions present two issues: (1) Are the issues in the license and infringement actions so closely related that they will require substantially the same evidence? (2) If so, should the court in order to avoid unnecessary duplication of proof disturb plaintiff's choice of forum for its infringement action?

In the license action, the general issue is whether during the life of the license contract, the construction and use by defendant of its reversing hot rolling mill and equipment at its plant in Midland, Pennsylvania, were within the scope of certain patents issued to plaintiff so that defendant owes plaintiff contract royalties. In the infringement action, the general issue is whether subsequent to the termination of that contract, the construction and use by defendant of that same mill and equipment constitutes an infringement of the same patents.

In both the license and the infringement actions the evidence, in general, will consist of the scope of plaintiff's patented inventions and the nature and use of defendant's mill and equipment prior and subsequent to the termination of the license contract. The crucial question on these motions is whether in the license action in order to show the scope of plaintiff's patents the state of the prior art will be admissible evidence, there being no doubt that such evidence will be admissible in the infringement action. Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316, was an infringement action in which the Court held that the state of the prior art may be shown in a suit by the assignee of a patent against the assignor for infringement to narrow or qualify the construction of the claims and relieve the assignor from the charge of infringement. In that case, the Court said:

"* * * We think, however, that the better rule, in view of the peculiar character of patent property, is that the state of the art may be considered. Otherwise the most satisfactory means of measuring the extent of the grant the government intended and which the assignor assigned would be denied to the court in reaching a just conclusion. Of course, the state of the art cannot be used to destroy the patent and defeat the grant, because the assignor is estopped to do this. But the state of the art may be used to construe and narrow the claims of the patent, conceding their validity. The distinction may be a nice one but seems to be workable." 266 U.S. at pages 350, 351, 45 S.Ct. at page 120.

While that case was an infringement action by an assignee against its assignor, the principle set forth therein was extended and adopted by the Court of Appeals for the Third Circuit in Tim-

ken-Detroit Axle Co. v. Alma Motor Co., 163 F.2d 190, which was an action by a licensee against its licensor for a declaratory judgment that, in effect, no royalties were due on its manufacture of certain devices. In that case, the court in affirming the District Court's conclusion, at page 194, "that, in view of prior art, the only novelty" in the licensor's patent was the arrangement of certain gears, stated, at page 191, that the issue was "to what extent is the licensee of a patent permitted to show the prior art when attempting to resist payment of royalties or a claim of infringement? This is a question of law."

The same question of law is now before this court. In the Timken-Detroit Axle Co. case, the Court of Appeals noted that the District Court had relied upon the Westinghouse Electric & Mfg. Co. case for the principle that a licensee is estopped from questioning the validity of its licensor's patent although the "state of the art may be used to construe and narrow the claims of the patent, conceding their validity." And although the Court of Appeals refused to consider the question of the validity of the licensor's patents, the court did "* * * pass, then, to the question of whether the state of the prior art so limited the claims that the only novelty of [the patent] was the particular arrangement of the gears." Thus, by considering the state of the prior art, the court impliedly decided in favor of the admissibility of the prior art the "question of law" referred to above. Further, in an earlier case, the same Court of Appeals interpreted the Westinghouse Electric & Mfg. Co. case: "* * * the prior art must be employed to measure the extent of the anticipation and the extent of the anticipation in turn 'limits' the claims. If the subject matter appropriated by the claims has been anticipated, the claims are held not to be infringed." Automatic Paper Machinery Co. v. Marcalus Mfg. Co., 147 F.2d 608, 612, affirmed sub nom. Scott Paper Co. v. Marcalus Manufacturing Co., Inc., 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47. Although that case involved

an assignor-assignee relationship, the court, 147 F.2d at page 612, footnote 7, knew " * * * no cogent reason why an assignor or a licensee should possess a different status in relation to an interest in patent property whether assigned or licensed."

■ On the basis of the foregoing authority, the court concludes that the rule in this Circuit is that in a patent license action for royalties the state of the prior art is admissible evidence to limit the scope of the patent claims. Thus, the evidence in the case at bar will include (a) the scope of the licensed patents as limited by the state of the prior art, and (b) the construction and use by the licensee of its mill and equipment from April 1, 1949 to April 1, 1953, the period for which plaintiff alleges additional royalties are due. The evidence in the infringement action commenced in Pennsylvania will include (a) supra, and (b) for the period subsequent to April 1, 1953, the date on which the license contract was terminated. But it is apparent from reading paragraph 4 of the complaint herein and paragraphs 6 and 7 of the complaint in the infringement action that the mill and equipment used by defendant during the life of the license contract and that used since the termination of that contract are the same "two-stand reversing hot rolling mill and equipment," so that the evidence relating to the operation and use thereof will be substantially the same despite the difference in time.

■ As to the second issue raised by these motions, should the court grant them, the effect will be to transfer the infringement action from plaintiff's choice of forum to this court consolidating it with this license action. This is a royalty action by plaintiff-licensor against its licensee which was commenced more than eighteen months prior to an infringement action commenced in a different federal jurisdiction by the same plaintiff against the same defendant. There is no reported opinion directly in point. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 189 F.2d

31, 33, affirmed 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 was a case in which the Court of Appeals for the Third Circuit reversed the lower court and stayed a declaratory judgment action for a declaration of invalidity commenced by a manufacturer subsequent to the patentee's commencement of an infringement action against a customer of that manufacturer, although in that latter action the enjoined manufacturer was not made a party defendant until fifteen days subsequent to its commencement of the declaratory judgment action. The court noted that the plaintiff in the declaratory judgment action did not become a party to the prior infringement action until "as of March 24, 1950, whereas the instant suit [for declaratory judgment] was brought on March 9, 1950." Thus priority of suit was not a controlling factor or the court would not have enjoined the declaratory judgment action brought by the manufacturer. In the Kerotest case, the court discussed the meaning of the three leading cases in this Circuit, Crosley Corporation v. Hazeltine Corporation, 122 F.2d 925, certiorari denied 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211, rehearing denied 315 U.S. 831, 62 S.Ct. 913, 86 L.Ed. 1224; Crosley Corp. v. Westinghouse Electric & Mfg. Co., 130 F.2d 474, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546; Triangle Conduit & Cable Co., Inc., v. National Electric Products Corp., 125 F.2d 1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750, involving the problem in a patent case of the use by a district court of its discretion to enjoin the prosecution of another action commenced in a second federal district court where the *subject matter* thereof already is before the first court. In the Kerotest case, the court pointed out: That in Crosley Corporation v. Hazeltine Corporation, "We held that the Delaware District Court should enjoin the Ohio suits. Two parties only were involved and it will be seen that the entire subject matter of the litigation was before the Delaware court prior to the filing of the Ohio suit * * * *",

189 F.2d at pages 33–34; that in Crosley Corp. v. Westinghouse Electric & Mfg. Co., "We held that the Pennsylvania court should enjoin the prosecution of these infringement suits in Ohio. Again only two parties were involved and it will be seen that the entire subject matter of the litigation was before the Pennsylvania District Court prior to the time the suits were filed in Ohio" 189 F.2d at page 34; that in Triangle Conduit & Cable Co. v. National Electric Products Corp., "We held that the Delaware District Court, having first obtained jurisdiction of the entire controversy, should proceed to adjudicate the rights of Triangle and National." 189 F.2d at page 34. The principle derived from such holdings and from the Kerotest Mfg. Co. case is that priority of suit is not the controlling factor, the test being which court first had before it the *subject matter* of the litigation, although in the usual case that court will be the one in which was first commenced the infringement action or the action for a declaratory judgment of invalidity. Such an interpretation of the cases is further substantiated by the Third Circuit's enunciation of a flexible rule of expeditious and effective relief:

"Neither Crosley nor Westinghouse nor Triangle was intended to lay down a rule of thumb. The rule as we conceived it was designed as an aid to the parties and to effect the ends of justice. As was said in Hammett v. Warner Brothers Pictures, 2 Cir., 176 F.2d 145, 150, it 'has been recognized that this rule is not to be applied in a mechanical way regardless of other considerations.' As we pointed out in the Westinghouse case the real question is not whether 'another suit' has been 'previously' or 'subsequently' begun between the parties but whether the relief sought can be 'more expeditiously and effectively afforded [in the other suit] than in the declaratory proceeding.' [130 F.2d 475.] We adhere to that view." Kerotest Mfg. Co. v. C-O-Two Fire

Equipment Co., supra, 189 F.2d at pages 34–35.

An important factor in that case was that if the court had held otherwise, the result would have been two litigations in that "every patent involved in the Delaware litigation was before the Chicago court." So, too, in the case at bar, since prior art will be admissible to limit the scope of plaintiff's patents, and since if defendant's conduct during the life of the license contract was of such nature that royalties were due, the same conduct (though occurring subsequent to the termination of the license contract) is alleged to constitute an infringement, this court will have before it the same patents and the same conduct that would be introduced into the infringement litigation. A needless second trial would result if while this court had before it evidence of prior art for the purpose of deciding the scope of the patents, the court did not also consider the same evidence for the purpose of deciding whether the patents are valid. Rule 13(e), under which defendant moves, is available to enable a litigant and the court to avoid such judicial waste. The purpose of Rule 13(e) is to provide a means for complete litigation in one action of all claims that parties may have with respect to each other and thus avoid a multiplicity of actions. 3 Moore's Federal Practice (1948) 2d Ed., Para. 1332, p. 85 et seq. In granting defendant's motions, such needless multiplicity will be avoided, there will be the "conservation of judicial resources and comprehensive disposition of litigation" suggested by the Supreme Court in Kerotest Mfg. Co., 342 U.S. at page 183, 72 S.Ct. at page 221. The motion under Rule 13(e) is proper in that defendant's proposed supplemental counterclaim was not acquired by it until at the earliest, April 1, 1953, when the license contract was terminated, and until that date which was subsequent to the date on which defendant's answer and counterclaim were filed, no controversy could have existed as to infringement or validity of the patents.

Plaintiff moved pursuant to 28 U.S.C.A. § 1404(a) for an order transfering this action to the District Court for the Western District of Pennsylvania. The Court of Appeals for this Circuit has stated the purpose of the transfer statute: "The purpose of the limitation [on the privilege of the plaintiff to have his lawsuit tried in the forum of his choosing] is clearly to make the inevitably uncomfortable [for the litigant] judicial process cheaper and more convenient and, if possible, more prompt." All States Freight, Inc., v. Modarelli, 196 F.2d 1010, 1011.

Plaintiff argues: (a) After the action was commenced, defendant moved its main office to Pittsburgh, Pennsylvania, and, hence, its principal officers and all personnel whose testimony may be required are located in the Western District of Pennsylvania; (b) Plaintiff's officers and employees who will be witnesses, are located close to Pittsburgh; (c) Plaintiff's counsel is located at Pittsburgh; (d) Defendant's documents are located in the Pittsburgh area; (e) Defendant's officers and employees are located in the Pittsburgh area; (f) Two of defendant's former employees, who may be witnesses, are located in the Pittsburgh area.

At the outset, it is important to note that the party now seeking to transfer, commenced this action more than twenty-two months prior to the date on which it filed this motion. Thus the relevant facts on this motion are those which occurred subsequent to the date the action was commenced; if the court considered facts which existed prior thereto, there would be a judicial imprimatur of delay in that a plaintiff could choose its forum wherever it could obtain jurisdiction over a defendant, then many months later, after deciding that the choice was imprudent, that plaintiff could transfer its action to the forum which now it deemed to be more convenient although the defendant, anxious for a prompt adjudication of its rights and liabilities, would be left on

tenterhooks, in a state of painful suspension.

What has happened since plaintiff filed this complaint which will make the business of the courts "easier, quicker and less expensive?" All States Freight, Inc., v. Modarelli, supra. As to plaintiff's first argument, according to defendant's unrefuted affidavit, on June 1, 1953, three of defendant's fifteen executives moved their offices to Pittsburgh. Not only has plaintiff delayed seventeen months in seeking a transfer, see Rhodes v. Barnett, D.C., 117 F.Supp. 312, 317, but plaintiff has not shown a need for and the contents of the testimony of named witnesses who were involved in the move. General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316, 319, 320, and cases cited thereat; Robbins Music Corp. v. Alamo Music, Inc., D.C., 119 F.Supp. 29; Strypek v. Schreyer, D.C., 118 F.Supp. 918; Savage v. Kaiser Motors Corp., D.C., 116 F.Supp. 433; and Jenkins v. Wilson Freight Forwarding Co., Inc., D.C., 104 F.Supp. 422, 424. Moreover, in response to the court's request of both parties that they attempt to enter into a stipulation providing that defendant produce at the trial named witnesses sought by plaintiff, defendant has promised to produce the only two witnesses named by plaintiff. Furthermore, according to defendant's unrefuted affidavit, defendant's personnel familiar with the construction and operation of the controversial mill always have been located in the Pittsburgh area—including, of course, the date on which plaintiff commenced this action.

As to plaintiff's remaining arguments that its personnel who will be witnesses, its counsel, and defendant's documents are located in the Pittsburgh area, such circumstances existed at the time plaintiff chose the very forum from which it now seeks to transfer this action.

Substantial justice is obtained by the prompt and comprehensive disposition of litigation. As to promptness, the action having been pending here for nearly two years, this case will be reached for trial much sooner than if a transfer were ordered, since, according to defendant's affidavit, a twenty-four months' trial delay would occur in the Pennsylvania forum. As to comprehensiveness, as discussed above in regard to defendant's motions, since prior art evidence will be admissible in this action, a needless multiplicity of actions is avoided by denying plaintiff's motion to transfer, and there will be a desirable comprehensive disposition of litigation. See Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200.

Defendant's motions are granted.

Plaintiff's motion to transfer is denied.

An order may be submitted in conformity with the opinion herein expressed.