578

UNITED STATES of America,
Libelant,

v.

S. S. CLAIBORNE, her engines, boilers,
etc., and the Waterman Steamship Corporation, a corporation, Respondent.

United States District Court
S. D. New York.
Feb. 20, 1964.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Louis E. Greco, Attorney in Charge Admiralty & Shipping Section Department of Justice, New York City, William .H. Postner, Attorney, Admiralty & Shipping Section, Department of Justice, of counsel, New York City, for libelant.

B. G. Andrews, New York City, for respondent.

SUGARMAN, District Judge.

On January 4, 1963 libelant filed a libel and complaint in a cause of contract, civil and maritime, in personam against respondent Waterman and in rem against respondent SS CLAIBORNE for an alleged overcharge of $40,675.37 paid by libelant to respondent Waterman for transportation by sea from the Port of New York to Praia, The Azores, by respondent SS CLAIBORNE of certain lumber, flour, milk, etc.

On August 28, 1963 a "Notice of Appearance of Proctor for Respondent" was filed in which both the SS CLAIBORNE and Waterman Steamship Corporation were collectively denominated in the caption as "Respondent". On the same day both "Respondents" SS CLAIBORNE and Waterman, together with a surety, filed a "Stipulation for Respondents Costs". It would appear therefore that both respondents submitted to the jurisdiction of this court despite the contention to the contrary in the "Memorandum in Support of Motion for Change of Venue" filed January 16, 1964 (p. 8).

On that basis the instant motion for change of venue from this district to the Southern District of Alabama will be deemed as having been made by both respondents.

The respondents have not answered the complaint and libel. Instead the parties have stipulated that the respondents' time "to move against or answer the complaint herein" is extended until fifteen days after service of the order determining the instant motion.

A prior motion to transfer this action to the Southern District of Alabama, made by respondents, was denied by Judge Murphy "without prejudice". After demonstrating the insufficiency of

the moving papers on that motion Judge Murphy wrote that he was "denying the motion without prejudice in order to give respondent another chance, if he is so advised, to move for a transfer on affidavits that are more particularized". Respondents, availing themselves of that opportunity have repaired the omission and now again move under 28 U.S.C. § 1404(a) for transfer on adequate papers which disclose *inter alia* that they will state at least nine defenses to the suit, the proof of the facts of which will require the testimony of at least six named witnesses all residing in Mobile, Alabama, and the introduction at the trial of at least ten categories of documents of substantial volume available only at respondent Waterman's home office and principal place of business in Mobile, Alabama.

The libelant shows that it will offer no testimony at the trial on its direct case but will rely solely on three documents which it will offer into evidence. The libelant's opposition to the transfer is predicated upon two bases: (1) convenience of government's counsel, and (2) insufficiency of the respondents' defenses, thereby making any proof of facts supporting same inadmissible.

 Convenience of counsel, government or otherwise, is no factor in deciding a motion for change of venue under 28 U.S.C. § 1404(a).[1]

 In the present posture of the pleadings I decline to pass upon the claimed insufficiency of the "anticipated" defenses on the sketchy memorandum submitted by the libelant in support of that contention. The libelant having consented to deferment of the filing of an answer upon which a proper test of the sufficiency of the defenses could have been made[2] may not place upon the court the burden of determining that question in a motion of this nature.

 Accordingly, the respondents' motion for transfer of this cause to the Southern District of Alabama is denied without prejudice to a new motion for the same relief after respondents have answered and after upon due exceptions libelant's challenge to the sufficiency of defenses pleaded in the answer shall have been fully briefed, argued and determined.

Only at that time will a court be able to determine whether the testimony of witnesses and documentary proof in support of the defenses will be admissible and, if so, whether a transfer pursuant to 28 U.S.C. § 1404(a) will be proper.

It is so ordered. No further order is necessary.

---

1. Molloy v. Bemis Bro. Bag Company, 130 F.Supp. 265 (S.D.N.Y.1955). Sypert v. Miner, 266 F.2d 196 (7th Cir. 1959), cert. denied, 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74 (1959).

2. Cf. Local Admiralty Rule 11(c). Cf. The Thrasyvoulos, 28 F.Supp. 434 (S.D.N.Y.1939).