**ROLLER BEARING COMPANY OF AMERICA, Plaintiff,**

v.

**BEARINGS, INC., Defendant.**

Civ. A. No. 30552.

United States District Court
E. D. Pennsylvania.

Sept. 26, 1966.

Joseph G. Denny, III, Leonard L. Kalish, Philadelphia, Pa., for plaintiff.

Howson & Howson, Philadelphia, Pa., for defendant.

## OPINION

FULLAM, District Judge.

Plaintiff instituted this patent infringement action on November 22, 1961, naming as defendant a distributor of the accused articles. The suit is actually being defended by a non-party, McGill Manufacturing Company, the manufacturer of the accused articles. On April 27, 1966, plaintiff instituted a parallel action against McGill in the United States District Court for the Northern District of Indiana, Hammond Division; and, on July 22, 1966, plaintiff filed the present motion under 28 U.S.C.A. § 1404 (a), seeking to transfer the present case to Indiana so that both cases can be tried together.

Plaintiff's motion will be denied, for reasons which seem sufficiently obvious as not to require extended discussion.

The overriding consideration is the untimeliness of plaintiff's motion. Nearly five years have intervened since the action was brought, and it is simply too late now for plaintiff to entertain second thoughts as to the most desirable forum. The case was certified as ready for trial as early as 1962, and would no doubt have been disposed of long ago, except for stipulated continuances and a flurry of belated discovery proceedings. The case is on the current calendar and counsel seem to agree that it will be reached for trial by next April or May. In Indiana, according to counsel's affidavits, the case would not likely be reached for another fifteen or twenty months. This factor alone would be a sufficient reason for rejecting the present motion. Metropolitan Life Ins. Co. v. Potter Bank & Trust Co., 135 F.Supp. 645 (W.D.Pa.1955); Standard v. Stoll Packing Corporation, 210 F.Supp. 749 (M.D.Pa.1962); Cold Metal Products Co. v. Crucible Steel Company, 126 F.Supp. 546, 551 (D.N.J.1954).

Plaintiff seeks to justify its delay in requesting this transfer on the theory that it did not, until late in 1965, become aware of certain possible difficulties which might arise at trial in compelling testimony and exhibits from McGill and various employees of McGill. But the discovery proceedings which produced this alleged awareness were not commenced until November of 1965 and plaintiff has offered no valid reason for having thus delayed its own enlightenment. Plaintiff was clearly not required to delay its discovery until all of defendant's proceedings were completed, Sturdevant v. Sears, Roebuck & Company, 32 F.R.D. 426 (W.D.Mo.1963); under the circumstances, such unreasonable delay cannot be justified. More important, our review of the voluminous discovery record convinces us that these claimed prospective difficulties are more imaginary than real. Moreover, plaintiff has taken no action whatever to seek sanctions as provided by Fed.R.Civ.P. 37. And the record is devoid of any showing as to the nature of the evidence which plaintiff claims it may have difficulty in producing in this district. Cf. Cold Metal Products Co. v. Crucible Steel Company, supra, 126 F.Supp. at 552.

Plaintiff contends that the proposed transfer would promote the convenience of the parties and their counsel. Plaintiff concedes that this jurisdiction is more convenient for plaintiff, a Trenton-based corporation; and that this jurisdiction is at least as convenient for the named defendant as would be the Indiana forum. However, it is urged that the real party in interest in the present proceedings is McGill, and that McGill would find it much more convenient to have the trial in Hammond, Indiana, than in Philadelphia. The short answer to this contention is that it should be permitted to the defense to decide where its own convenience would best be served, and the motion is being vigorously contested.

■■ In point of fact, Philadelphia would appear, on balance, to be the appropriate forum in any event. The convenience of counsel is not a factor in deciding such a motion. United States v. S. S. Claiborne, 226 F.Supp. 578 (S.D.N.Y.1964); Standard Triumph Motor Co., Inc., v. United States Lines Company, etc., 192 F.Supp. 618 (S.D.N.Y. 1961). The convenience of expert witnesses, particularly in patent litigation, is of little moment in deciding a question of transfer under section 1404(a). Nocona Leather Goods Co. v. A. G. Spalding & Bros., 159 F.Supp. 269 (D.Del.1957); Magnetic Engineering & Mfg. Co. v. Dings Magnetic Sep. Co., 86 F.Supp. 13 (S.D.N.Y.1949). Such witnesses are usually selected because of their reputation and expertise without regard to their residences, and are compensated for any inconvenience their participation may cause. Webster-Chicago Corp. v. Minneapolis-Honeywell Reg. Co., 99 F. Supp. 503, 505 (D.Del.1951). With respect to the remaining, non-expert, witnesses the indications to date are that, of seventeen witnesses listed by both sides, nine reside in the Philadelphia area, three in Indiana, two in Ohio, and two at undisclosed locations.

For the foregoing reasons, plaintiff's motion for transfer will be denied.