STAUFFER CHEMICAL COMPANY, Plaintiff,

v.

FMC CORPORATION, Defendant.

STAUFFER CHEMICAL COMPANY and Stauffer Chemical Company of Wyoming, Plaintiffs,

v.

FMC CORPORATION, Defendant.

Civ. A. Nos. 2656, 2659.

United States District Court
D. Delaware.
June 18, 1963.

Arthur G. Connolly, Connolly, Bove & Lodge, Wilmington, Del., and Iver C. Macdougall, New York City, for plaintiffs.

Carl W. Mortenson, Mortenson & Gallagher, Wilmington, Del., and Virgil E. Woodcock, Philadelphia, Pa., and Richard E. Kurtz, Woodcock, Phelan & Washburn, Philadelphia, Pa., for defendant.

At 9:55 A.M. on April 18, 1963, Stauffer Chemical Company ["Stauffer"], a Delaware corporation, filed with the Clerk a complaint against the FMC Corporation, also a Delaware corporation. Stauffer alleged it owned 51% of the voting stock of the Stauffer Chemical Company of Wyoming ["Stauffer-Wyoming"], also a Delaware corporation, which had "constructed and operated at great expense a plant for producing sodium carbonate from trona ore," and that FMC was the owner of United States Patent No. 2,962,348, "all of the claims of which are directed to a process for making sodium carbonate from trona ore"; and, that FMC had on numerous occasions charged Stauffer with patent infringement and threatened to sue Stauffer. Stauffer sought, *inter alia*, a declaratory judgment that the patent in dispute was invalid and that Stauffer had not infringed the patent.

Late in the same day of April 18, 1963, defendant here, FMC, filed in the District Court for the District of Wyoming a complaint against both Stauffer and Stauffer-Wyoming, charging infringement of its Patent No. 2,962,348. The next day, Stauffer-Wyoming filed the identical complaint in this Court against FMC as had Stauffer the day before.

Defendant FMC moves: 1. to stay the actions pending in this Court until final disposition of the Wyoming proceedings; 2. to transfer both actions pending here to Wyoming; and, 3. to dismiss the original action of Stauffer against FMC.

LEAHY, Senior District Judge.

Since this Court's recent consideration of requisites for granting a stay pending a different court's determination of

identical issues between parties [1] and of granting transfer,[2] little can be added to the massive weight of legal literature on these issues. The specific issues may be quickly stated:

■■■ 1. *Stay.* Apart from whatever consideration may be relevant for transfer of this case to the District Court for the District of Wyoming, there is little ground for a stay in the actions filed here. Stauffer arrived first in the legal race to the court house and filed suit here before FMC's Wyoming suit was filed.[3] While this in itself is not necessarily determinative of the issue of stay,[4] FMC here argues/admits "the requirements justifying the grant of a motion to stay are the same as for a motion to transfer." [5] FMC's motion for stay and for transfer will thus be taken together as one motion for transfer of this action to Wyoming.

■ 2. *Transfer.* The only direct tie to Delaware of the parties here in suit is their place of corporate domicile. Delaware is neither the residence nor place of business of either party or of any witness. Stauffer argues most relevant witnesses are in New York, a 2-hour ride to Delaware; on the other hand, FMC argues the plants which produce the sodium carbonate from trona ore are in Wyoming; expert witnesses as to the plants are in Wyoming, etc., etc., etc.

On balance, I conclude the case should be tried here. This litigation grew out of negotiations held among representatives of Stauffer and FMC solely in New York City. New York, as well, is the place of Stauffer's and Stauffer-Wyoming's home offices and—at least—of FMC's major "Division Headquarters".[6] Witnesses of FMC in the New York area include the patentees of the patent in suit, attorneys who have prosecuted the patent application, and officers, attorneys, engineers and technical personnel who participated in the FMC-Stauffer negotiations. Apparently all of Stauffer's witnesses are in the New York area.

FMC claims, not without merit, that Wyoming is the place where the factories producing the allegedly infringing products lie and that Wyoming is the place where witnesses familiar with the production of sodium carbonate might best—and in greatest number—be found.

The issue this Court cannot determine at this stage of these proceedings is this: *which patent issues will be most relevant in the trial of this suit?* FMC claims *infringement* witnesses are in Wyoming. Stauffer claims *file wrapper estoppel* experts are in New York. Affidavits as to which issues are most relevant conflict, and this Court can at this time make no judgment on this matter.

Thus do the scales tip to Stauffer's choice of forum. The preponderance of conveniences of both witnesses and parties lead to the decision that Delaware, separated from New York by the length of a speedy 116 mile turnpike or a less than 2-hour train ride, is far more convenient for all concerned than is Wyoming.[7]

The motion to transfer will be denied. Similarly, FMC's motion to dismiss will be denied.

1. Stern & Co. v. State Loan & Finance Corp., D.C.Del., 205 F.Supp. 702.

2. Glickenhause v. Lytton Financial Corp., D.C.Del., 205 F.Supp. 102.

3. FMC's argument that its dispute is only with Stauffer-Wyoming and not Stauffer and that it therefore arrived first at *some* court house, requires no extensive analysis. All pre-trial negotiations in this case were carried out between Stauffer and FMC. In addition, Stauffer's ownership of 51% of the voting stock of Stauffer-Wyoming leads this Court, pursuant to F.R.Civ.P. 21, *sua sponte*, to consider Stauffer-Wyoming filing of suit against FMC as merely an amendment to Stauffer's original complaint.

4. See, Kerotest Manufacturing Co. v. C-O-TWO Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200.

5. Defendant's Brief, p. 7.

6. Gilbert Affidavit, p. 1.

7. It is thus unnecessary to reach the additional question of whether venue in Wyoming is proper as to Stauffer. For a recent comprehensive discussion of the

---

difficulties posed by this requirement for transfer, see Judge Steel's decision in Sheldon Steel Corp. v. Standard Fruit Co., D.C.Del., 219 F.Supp. 521.