**NOCONA LEATHER GOODS COMPA-
NY, a corporation, Plaintiff,**

v.

**A. G. SPALDING & BROS., Inc., a cor-
poration, Defendant.**

**Civ. A. No. 1870.**

United States District Court
D. Delaware.

Dec. 9, 1957.

Supplemental Decision Feb. 10, 1958.

Januar D. Bove, Jr. (of Connolly,
Cooch & Bove), Wilmington, Del., for
plaintiff.

William Prickett (of Prickett and Prickett), Wilmington, Del., for defendant.

LAYTON, District Judge.

Plaintiff, a Texas corporation, has instituted this patent litigation in the District of Delaware against defendant, a Delaware corporation, having its main offices in Massachusetts but all of its plants in St. Louis. All of defendant's records and documents, insofar as they pertain to this case, are also in St. Louis.

None of plaintiff's officers will attend the trial. Only the presence of its counsel and a single expert witness is demanded and, since both live in Washington, D. C., one hour and three quarters distant by train, the litigation can be carried on not only inexpensively (from a travel point of view) but also with a minimum of inconvenience to plaintiff.

The defendant moves for a transfer upon the grounds that not only its counsel and one expert witness, but also three other witnesses together with numerous documents and physical exhibits would have to be brought on to Delaware at considerable expense and inconvenience.

■ 28 U.S.C. § 1404(a)[1] has been the subject of such frequent interpretation in this district [2] that I have but few additional observations to make. First, despite all that has been said on the subject, in the final analysis, each case must stand upon its own facts weighed against the background of the language of the quoted section. Secondly, to entitle a party to transfer, his reasons should be fairly substantial. By this I do not infer a return to the old forum non conveniens rule. But where, after balancing all the factors, the equities lean but slightly in favor of the moving party, a transfer should be denied. Otherwise, the already numerous applications on this ground would be needlessly multiplied.

■ The defendant makes the argument, superficially persuasive, that since plaintiff would have to travel a thousand miles or more in any event to institute this action, it should be required to come to St. Louis rather than Delaware in order that only one, instead of both, parties be put to the inconvenience of travel. But the parties are corporations. None of the officers of either corporation intends to be present at the trial. We are dealing here only with counsel and witnesses. Plaintiff's lawyer and single expert witness live in Washington, less than two hours from Wilmington. From plaintiff's point of view, the selection of Delaware as the forum is most convenient and inexpensive, and choice of forum is entitled to some consideration under the authorities. Webster-Chicago Corp. v. Minneapolis-Honeywell Reg. Co., supra; Paragon-Revolute Corp. v. C. F. Pease Co., supra; Busch v. Reiss S.S. Co., supra.

■■ Defendant contends that it has many more witnesses than plaintiff and their convenience should be entitled to great weight. Like plaintiff, defendant would have to bring on for the trial its lawyer and an expert witness, a lawyer from Chicago would prefer to testify in St. Louis rather than Delaware. But if the case were transferred to St. Louis,

1. "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. Brown v. Insurograph, Inc., D.C.Del. 1949, 85 F.Supp. 328; Cinema Amusements, Inc., v. Loew's, Inc., D.C.Del. 1949, 85 F.Supp. 319; Tivoli Realty v. Paramount Pictures, D.C.Del.1950, 89 F. Supp. 278; Webster-Chicago Corp. v. Minneapolis-Honeywell Reg. Co., D.C.Del. 1951, 99 F.Supp. 503; Berk v. Willys-Overland Motors, D.C.Del.1952, 107 F. Supp. 643; Paragon-Revolute Corp. v. C. F. Pease Co., D.C.D.Del.1954, 120 F. Supp. 488; General Felt Products Co. v. Allen Industries, D.C.D.Del.1954, 120 F. Supp. 491; Busch v. Reiss S.S. Co., D.C.Del.1954, 120 F.Supp. 886; Petition of Bachman, D.C.Del.1954, 122 F.Supp. 896; Brownell v. La Salle Steel Co., D.C. Del.1955, 128 F.Supp. 548; Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, D.C.Del.1955, 136 F.Supp. 508.

then plaintiff's counsel and expert witness would have to travel there, so that the one cancels the other. Moreover, there is no unequivocable allegation in defendant's affidavits that its expert (Mr. Brewer) will actually have to appear and testify, and lacking such a statement, I will not concern myself with his convenience.[3]

This leaves, then, for consideration the convenience of defendant's remaining witnesses. They are three in number. They are employees. There is no allegation that defendant's business would suffer in their absence or that their personal convenience would be affected. While here, their salaries would presumably go on and they would not be absent from their work in the sense that a man totally unconnected with defendant corporation would be inconvenienced. Even assuming the actual necessity of the presence of all three of these witnesses,[4] I am unimpressed by defendant's argument that their convenience is a moving factor in this application.

Finally, there remains the over-all subject of the interest of justice. Under this heading come the items of expense of travel, and the difficulty of bringing on numerous documents and exhibits. We are concerned with the cost of railroad fare and hotel expenses of the three defendant's witnesses. The round-trip fare including meals for each person would approximate $150, and for his maintenance in Wilmington for five days, another $125, or a grand total of $825, an insignificant factor where relatively large corporations are involved.

Upon inquiry, it has been ascertained that all the documents will fit in a suitcase and all the exhibits can be packed in a small steamer trunk. Such considerations seem to me to be inconsequential.

The choice of forum is usually accorded but slight significance and when weighed against defendant's arguments, it might fairly be said that the equities incline very slightly in favor of defendant, but only slightly. Subjected to close scrutiny, defendant's reasons for a transfer under all the facts do not impress me as substantial.

The motion for transfer will be denied. Let an Order be entered to that effect.

### Supplemental Decision

On December 27, 1957, defendant filed a motion for reargument and a supporting brief later supplemented by a written offer to pay the reasonable traveling and hotel expenses of plaintiff's attorney and expert witness during the course of the trial in St. Louis if, upon reconsideration, I should order the case removed to that District.

Originally, the most important consideration in moving my discretion to deny defendant's petition for removal was that, in so doing, plaintiff, which had the choice of forum, would be penalized by having to pay the expenses of its counsel and expert witness to and from St. Louis and during the trial there while the defendant remained comfortably at home without any expense or inconvenience to itself. This thought,

---

3. The authorities hold that the convenience of counsel and expert witnesses are entitled to little weight, particularly in patent litigation. Webster-Chicago Corp. v. Minneapolis-Honeywell Reg. Co., supra; General Felt Products Co. v. Allen Industries, supra; Magnetic Engineering & Mfg. Co. v. Dings Magnetic Separator Co., D.C.N.Y.1949, 86 F.Supp. 13. Defendant's affidavit reads, "That it *may* be necessary for either party to this action to request the attorney for Turner (Mr. Brewer) to appear * * *." (My italics.)

4. In reading the affidavits carefully, I am somewhat at a loss to understand the necessity for the appearance of all these witnesses or why the testimony of some of them will be relevant. Certainly, the question of transfer must not degenerate into a contest as to which party can produce the most imposing list of witnesses. Federal Electric Products Co. v. Frank Adam Co., D.C.N.Y., 100 F.Supp. 8; Transfers under New Judicial Code, 10 F.R.D. 595, 607. But I give the defendant the benefit of any doubt on this score.

while not expressed in so many words, was inherent in my thinking. Now, this hurdle has been removed by defendant's offer.

As matters now stand, plaintiff can conduct this trial without unnecessary expense and with no inconvenience[1] while, at the same time, defendant can remain at home, its three non-expert witnesses will not be inconvenienced and any unexpected difficulty with respect to the bringing on to Delaware of documents and exhibits is removed.

Over-all considerations of fairness compel me to the conclusion that the case should be transferred.

An Order will be entered in accordance herewith.

---

1. Inconvenience of counsel and expert witnesses are entitled to little or no consideration.