**UNITED AIR LINES, INC., Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

Civ. A. No. 2043.

United States District Court
D. Delaware.

Aug. 24, 1959.

See, also, 26 F.R.D. 213; D.C., 192 F.Supp. 796.

James M. Tunnell, Jr., Andrew B. Kirkpatrick, Jr., and Harvey S. Kronfeld (of Morris, Nichols, Arsht & Tunnell), Wilmington, Del., and Haight, Gardner, Poor & Havens, New York City, of counsel, for plaintiff.

Leonard G. Hagner, U. S. Atty., Robert W. Wakefield, Asst. U. S. Atty., Wilmington, Del., John J. Finn and Alice K. Helm, Trial Attys. Dept. of Justice, Washington, D. C., of counsel, for defendant.

CALEB M. WRIGHT, Chief Judge.

This matter is before the court on defendant's, the United States of America, motion to transfer the pending suit from the U. S. District Court for the District of Delaware to the U. S. District Court for the District of Nevada pursuant to 28 U.S.C.A. § 1404(a). Plaintiff, United Air Lines, Inc., (United), a Delaware corporation, instituted the present action to recover damages resulting from a collision in the vicinity of Las Vegas, Nevada, between a regularly scheduled United airliner and a jet aircraft operated by the United States Air Force. There were no survivors. A substantial counterclaim has been interposed by defendant.

Jurisdiction in the premises is conferred by the Federal Torts Claim Act, 28 U.S.C.A. § 1346(b).

United in opposing transfer to Nevada has raised, in addition to the traditional discretionary considerations, a number of legal issues, peculiar to the Torts Claim Act. Although plaintiff's contentions on the law are not without substance and will, of necessity, have to be resolved before a determination on the merits can be rendered they are not capable of peremptorily precluding transfer.[1] The question of the availability of transfer is therefore controlled by 28 U.S.C.A. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of jus-

1. United States v. Union Trust Company, 1955, 95 U.S.App.D.C. 189, 221 F.2d 62, 80–81; Hess v. United States, 9 Cir., 1958, 259 F.2d 285, certiorari granted 359 U.S. 923, 79 S.Ct. 604, 3 L.Ed.2d 627.

tice, a district court may transfer any civil action to any other district or division where it might have been brought."

 Precedent in this field is of limited comfort for each case must be determined by the particular factual context presented. As the record now stands, the court concurs in defendant's appraisal that Delaware has little to do with the immediate controversy other than acting as the repository of plaintiff's charter. Defendant, however, has failed to demonstrate that Nevada would function as a more appropriate forum.

Defendant has set forth the names and addresses of 120 persons who may be required to testify at trial, none of whom resides in Delaware. There has been no attempt to individually evaluate the testimony that could reasonably be anticipated from these witnesses. The fact that there may be so many persons testifying is, indeed, startling in view of the undisputed record which reflects that the survivorless collision occurred at a high altitude while the planes were proceeding at great speed. Against this peculiar background, the court remains unconvinced that the defendant has made a sufficient showing by merely listing names and addresses of persons who may be required to testify at the trial. The nature of this case is such, that the granting of this motion absent adequate information with respect to the content and materiality of each prospective witness's testimony, would not be in the interest of justice and conceivably not for the convenience of witnesses and parties.

It would be a perversion of the Act to shuttle the immediate litigation twenty-five hundred miles on defendant's showing. Certainly, under the present circumstances, more than the listing of names and addresses is required.

There is an additional consideration militating against transfer, namely, the collision forming the basis of the imme-

diate action is presently in litigation in the following fora:

| | |
|---|---|
| Southern District of California | 18 Suits |
| Southern District of New York | 1 Suit |
| District of Colorado | 1 " |
| District of Florida | 1 " |
| District of Massachusetts | 1 " |
| District of Illinois | 1 " |

Absent reasonable assurance that these other suits are in the process of transfer to Nevada, it would be grossly unfair to deprive United its selection of forum. Accordingly, as the matter is now postured, defendant's motion to transfer is denied.

Submit order.