FABERGE, INC., Plaintiff,

v.

SCHICK ELECTRIC, INC., Defendant.

Civ. A. No. 3691.

United States District Court,
D. Delaware.

April 29, 1970.

Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Wilmington, Del., Richard Whiting, John E. Nathan and Stephen D. Kahn, of Davis, Hoxie, Faithfull & Hapgood, New York City, of counsel, for plaintiff.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., David S. Kane, David H. T. Kane, and Siegrun D. Kane, of Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City, of counsel, for defendant.

## OPINION

CALEB M. WRIGHT, Chief Judge.

This is a patent infringement action brought under 28 U.S.C. § 1338(a). Plaintiff Faberge, Inc., is a Minnesota corporation. Defendant Schick Electric, Inc., is a Delaware corporation, with its principal place of business in Pennsylvania. The complaint charges acts of infringement throughout the United States. Defendant has moved to transfer the action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) which states:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Under this section a district court may grant a transfer if it will serve the convenience of parties and witnesses, if it will be in the interest of justice, and if the transfer district is one in which the suit might have been brought originally.

█ Because transfer may only be made to a district where suit "might have been brought", the initial determination should be whether this action might properly have been brought in the Southern District of New York. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

█ The venue statute for infringement actions is 28 U.S.C. § 1400(b), which states that suit may be instituted in any district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For the purposes of 28 U.S.C. § 1400(b) the defendant resides in the state of its incorporation, which is Delaware, and the broader view of corporate residence contained in 28 U.S.C. § 1391(c) does not apply. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Defendant must therefore establish that it maintains a regular and established place of business in New York and that it committed alleged acts of infringement there. It bears the burden of establishing that plaintiff's choice of forum should be disturbed. Watsco Inc. v. Henry Valve Company, 232 F.Supp. 38, 47 (S.D.N.Y. 1964).

The evidence shows that defendant's salesmen solicited orders for the accused product in New York, that the orders were accepted at the defendant's plant in Pennsylvania and filled by shipment into New York. It further shows that defendant's wholly owned subsidiary, Schick Service, Inc., maintains offices at

20 West Fortieth Street in New York City and elsewhere in New York state. The business of Schick Service, Inc., is the sale and service of Schick products. The degree of control exercised by the parent is not clear. At one point the two companies had one director in common. No evidence was offered as to the integration and consolidation *vel non* of business and tax records.

■ The presence of a wholly-owned subsidiary in the district is not alone sufficient to establish that defendant "is regularly engaged in carrying on a substantial part of its ordinary business on a permanent location within the district over which it exercises some measure of control." Stewart-Warner Corp. v. Hunter Engineering Co., 163 U.S.P.Q. 326, 330 (N.D.Ill.1969). See Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), Technograph Printed Circuits, Ltd. v. Epsco, Incorporated, 224 F.Supp. 260 (E.D.Pa. 1963). Nor does the evidence here indicate the number of factors which " * * * in the aggregate reveal a mere cloak for the relationship of agency" between the parent and subsidiary. Appleton v. Ronson Service of Illinois, Inc., 297 F.Supp. 868, 869 (N. D.Ill. 1968).[1]

In his deposition, defendant's former president stated that defendant's regional sales manager "maintains an office" on the premises of Schick Service, Inc., and that his salesmen work from that office. He also said that stocks of merchandise are often placed on the premises of Schick Service "for delivery, for rapid distribution, if you will, to accounts." (Ettlinger deposition 17.)

■ Regardless of the status of the subsidiary, the maintenance of an office for a regional sales manager may be sufficient to bring defendant within the statute. Watsco, Inc. v. Henry Valve Company, 232 F.Supp. 38 (1964), Gwynne v. Michael Flynn Mfg. Co., 227 F.Supp. 357 (S.D.N.Y. 1964) (office for consultants who solicited orders and supplied customers with technical information).

In the cases cited, however, the premises occupied held themselves out as sales offices or branches of the foreign corporation sought to be held. Nothing presented in the instant case indicates that defendant's regional sales representative and the salesmen under him used the offices at the subsidiary's location for solicitation purposes. There is no evidence that Schick Service, Inc., was held out as a sales office or distribution center for wholesale purchases of defendant's products. Defendant did not have a phone number listed in the Manhattan directory, and there is no evidence that any of the salesmen gave the subsidiary's name or phone number as their own business addresses.

Mr. Ettlinger explained the reason for maintaining an inventory at the subsidiary's New York City offices as follows:

"Usually it is time urgency. It occurs principally to fulfill emergency stock requirements of people who have run out of stock. It occurs more frequently at heavy selling times of the year, when a retailer or a distributor is out of stock. We find that from a business point of view, we can fill up that gap much more rapidly from our New York location than from Lancaster,

---

1. In *Ronson*, the court found sufficient factors to convince it that the service corporation was really the agent of the parent. Those factors were (1) the prominent display of the Ronson trademark; (2) the fact that the word "Ronson" was displayed in large letters above the word "Service" in small letters; (3) Ronson Service displayed and sold only Ronson products; (4) the service corporation repaired Ronson products under the warranty for reimbursement by the parent; (5) directors and corporate officers were virtually identical for the two companies; (6) business records were integrated and tax returns consolidated; (7) employees of Ronson and Ronson Service were covered by the same group life insurance policy. As opposed to the strong showing in Ronson, there is a dearth of evidence in this record to establish any of the factors listed except (3).

**562**

Pennsylvania." (Ettlinger deposition 18.)

The Court understands Mr. Ettlinger to have used the word "location" to indicate a place of storage rather than a place of business. He had earlier stated that Schick Electric, Inc., did not have a place of business in New York City. (Ettlinger deposition 14.)

In Federal Electric Products Co. v. Frank Adam Electric Co., 100 F.Supp. 8 (S.D.N.Y. 1951), the court held that a Missouri corporation had a regular and established place of business in New York City, in that it owned a building there which it used to stockpile its products for more expeditious shipment along the Atlantic seaboard. The corporation maintained a telephone listing in the Manhattan directory and in the classified directory. Although sales were technically invoiced in St. Louis, it was clear that orders were filled directly from the New York stock.

■ The case cited might be persuasive if the evidence here were clearer and more substantial. The Court is not prepared to say, however, that the mere maintenance of a stockpile which is used in emergencies, without telephone listing or ownership of the storage building satisfies the requirements of 28 U.S.C. § 1400(b). In reaching its conclusion, the Court has taken into consideration that the place of storage is on the premises of the wholly-owned subsidiary. In the absence of a showing that the subsidiary performs functions for the parent inconsistent with its independence, e.g. free storage space or unlimited access to inventory to fill the parent's emergency orders, total ownership is not sufficient to transform the subsidiary into an agent or a place of deposit into a place of business.

Defendant's evidence is insufficient to convince the Court that this action is one which might have been brought in the Southern District of New York. It fails to establish that Schick Service, Inc., served as the alter ego or agent of its parent Schick Electric, Inc., or that the activities of Schick Electric, Inc.'s salesmen on the premises of Schick Service, Inc., are sufficient to make it their "place of business" within the meaning of 28 U.S.C. § 1400(b). Accordingly, the questions of convenience and the interests of justice in the transfer sought are not reached.

Submit order in accordance herewith.

