**KEWANEE OIL COMPANY, Plaintiff,**

v.

**M & T CHEMICALS, INC., Defendant.**

**Civ. A. No. 3818.**

United States District Court,
D. Delaware.

July 24, 1970.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del. and John P. Hazzard, Cleveland, Ohio, of counsel, for plaintiff.

David T. Dana, III, of Richards, Layton & Finger, Wilmington, Del. and William C. Conner, of Curtis, Morris & Safford, New York City, of counsel, for defendant.

## OPINION

LATCHUM, District Judge.

Kewanee Oil Company ("Kewanee") has brought this action against M & T Chemicals, Inc. ("M & T") seeking a declaratory judgment of invalidity and non-infringement of United States Patents Nos. 2,685,954 and 2,709,512. These patents, owned by M & T, relate to automatic processing apparatus for subjecting a series of different metal parts to selectively differing electrochemical treatments in a sequence of processing baths.

M & T has moved to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Illinois, Eastern Division ("Illinois Court") or to stay the present action pending the final determination of an infringement suit brought on the same patents in the Illinois Court by M & T against Kewanee.[1] The relevant factual background is as follows:

M & T originally sued Kewanee for infringement of the two patents in suit on October 22, 1969 in the United States District Court for the Northern District of Ohio[2] ("Ohio action"). Kewanee filed the instant suit on December 4, 1969. Four days later, on December 8, 1969, Kewanee moved to dismiss the Ohio action for improper venue under 28 U.S.C. § 1400(b) on the ground that no acts of infringement had been committed in the Northern District of Ohio. Alternatively, Kewanee moved to transfer the Ohio action under 28 U.S.C. § 1406(a) to the District of Delaware, where Kewanee had just instituted the present declaratory judgment action.[3] M & T opposed Kewanee's motion to dismiss the Ohio action, contending that there had been sufficient acts of alleged infringement in the Northern District of Ohio to meet the venue requirements of 28 U.S.C. § 1400(b). In the alternative M & T requested the Ohio case be transferred to the Illinois Court.

After discovery on the venue issue, the Ohio District Court[4] on March 31, 1970 found that venue was not proper in the Ohio action, refused to dismiss the case and instead ordered the action transferred, pursuant to 28 U.S.C. § 1406(a), to the District of Delaware "wherein a declaratory judgment action, concerning the same subject matter, is pending."

As soon as M & T learned that the transfer of the Ohio action to this Court had been effected, M & T, on April 6, 1970, voluntarily dismissed the transferred Ohio action pursuant to Rule 41(a), F.R.Civ.P.[5] Concurrently therewith, M & T filed, on April 6, 1970, an identical complaint against Kewanee for infringement of the same patents in the Illinois Court.

■ Whether to transfer this declaratory judgment action under § 1404(a) to the Illinois Court (Chicago) "where it

---

1. The present action pending in the Illinois Court is entitled "M & T Chemicals, Inc. v. Kewanee Oil Company, Civil Action No. 70 C 793."

2. The Ohio suit was Civil Action No. C 69–850.

3. On January 28, 1970, the parties agreed to stay the present Delaware action until final determination of Kewanee's motion to dismiss or transfer the Ohio suit.

4. Judge Thomas D. Lambros.

5. The Ohio case when transferred to Delaware became Civil Action No. 3875.

might have been brought"[6] must be judged by the standard of whether it is "for the convenience of the parties and witnesses, in the interest of justice." The burden of showing that transfer is warranted is on the moving party. Maheu v. Reynolds & Co., 282 F.Supp. 423, 426 (S.D.N.Y.1967).

The only direct link of the parties to Delaware is their corporate domicile. Kewanee's principal place of business is in Bryn Mawr, Pennsylvania. M & T's home office is in New York City. While M & T concedes its home office is closer to Wilmington than to Chicago,[7] it states that only one employee from its New York office will testify. Kewanee's home office in Bryn Mawr is about a one hour drive from Wilmington. M & T argues, however, that the Kewanee plant which produces the accused machines is located in Elk Grove Village, Illinois—a very short distance from the United States Courthouse in Chicago, that two of Kewanee's employees who work at the Elk Grove Village plant and who were responsible for the design, engineering, construction, testing and installation of the accused machines will be indispensable witnesses at any trial, and that Kewanee's documents relating to the accused machines are also located in Elk Grove Village. Ordinarily, a defendant attempts to show that a transfer is warranted because of convenience to its witnesses. But here M & T seeks to change plaintiff's reasonable choice of forum because another forum is alleged to be more convenient to two of plaintiff's employees. On balance, M & T has not met its burden of establishing that Chicago is more convenient to either the parties or to the employees of the parties who may be called as witnesses.[8]

The main thrust of M & T's argument is that a change of venue will be in the "interest of justice." First, it contends that Kewanee's two employees in Elk Grove Village are important witnesses who should be present to testify in person and since they are beyond the compulsory subpoena power of this Court, trial should be held in Chicago. On the other hand, Kewanee has represented that both of its employees will be present for the trial in Wilmington because these individuals are most familiar with the matter in litigation. Second, M & T states that relevant documents are all located in Elk Grove Village and are more easily accessible to the Court in Chicago than in Wilmington. But the record shows that the documents involved are neither voluminous nor bulky and are contained in two manila envelopes which have already been delivered to Kewanee's counsel in Delaware. Third, M & T suggests that it would be more convenient for the Illinois Court to inspect and examine the alleged infringing machines built at plaintiff's Elk Grove Village plant. These very large and complicated machines, made only upon special order, sell for more than $100,000 and cannot feasibly be delivered for examination to either courthouse. Yet it is represented that only two such accused machines have been constructed—one of which was sold and delivered in Iowa and the other in Massachusetts. It is further represented that there are no machines presently being built or under contract

---

6. There appears to be no dispute that this action could have been maintained in the Northern District of Illinois, Eastern Division. Proper venue would exist in that District and Division under 28 U.S.C. § 1391(c) since M & T does business from a branch office located in Elk Grove Village, Illinois.

7. Wilmington and New York are connected by a speedy 116 mile turnpike and they are less than a 2-hour train ride apart.

8. While it is likely that expert witnesses will be called by both parties, their convenience is entitled to little or no consideration. Nocona Leather Goods Co. v. A. G. Spalding & Bros., 159 F.Supp. 269, 271 (D.Del.1958). The only other possible witness mentioned to be called by Kewanee is the patentee, a non-employee of the parties, who resides in Fair Haven, New Jersey. Although the patentee's home is beyond a 100 miles of Wilmington, he is much closer to Wilmington than he is to Chicago.

for construction. Thus, no machines are available for inspection by either Court within its own district. The Court concludes that those factors cited to be in the interest of justice fail to tip the scales in favor of changing Kewanee's choice of forum.

■■ To the contrary, the prior history of the litigation appears to favor keeping it in Delaware. At the time the prior venue motion was argued before Judge Lambros in Ohio, both parties contended that if the case could not proceed in Ohio it should be transferred in the "interest of justice" under § 1406(a). This latter provision, as an alternative to dismissal, permits the Court "in the interest of justice" to transfer the case "to any district court or division in which it could have been brought." Kewanee suggested a transfer to Delaware where the present suit was pending. M & T, advancing the same arguments presented here, urged the Ohio Court to transfer the action to the Northern District of Illinois. Thus, both parties extensively briefed and argued the relative merits of a transfer to Delaware versus Chicago. After this full presentation, Judge Lambros transferred the case to Delaware. It appears that on the question of the "interest of justice" M & T had its day in court on this issue. While it is also true that Kewanee suggested to Judge Lambros that the decision to transfer to Illinois should be left to this Court, there is no direct indication whether Judge Lambros actually deferred to this Court on this question. While the Ohio Court decision to transfer to Delaware is not binding upon this Court in the light of the standards set in § 1404(a), yet as a matter of comity and in the interest of economy of judicial effort, an issue once argued in one district court by the parties should not ordinarily be reopened in the transferee court unless the second court is convinced that the transfer order was manifestly erroneous as a matter of law. Goldlawr, Inc. v. Shubert, 175 F.Supp. 793, 797 (S.D.N.Y.1959). The transferee district court should nor-

mally adhere to the transfer order in the paramount interest of allowing the litigation to proceed to the merits without becoming enmeshed in a shuttle process among different courts. Compare: Gulf Research & Development Co. v. Schlumberger Well Survey Corp., 98 F.Supp. 198 (D.Del.1951), aff'd 193 F.2d 302 (C.A. 3, 1951), aff'd by an equally divided court 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668 (1952); General Electric Co. v. Westinghouse Electric Corp., 297 F. Supp. 84 (D.Mass.1969).

■ Further, having independently weighed the factors of the convenience of the parties and witnesses, in the interest of justice, this Court concludes that the balance is against transfer. The motion to transfer, therefore, will be denied. For similar reasons, the present action will not be stayed. Stauffer Chemical Company v. FMC Corporation, 218 F.Supp. 568 (D.Del. 1963).

■ Finally, Kewanee contends that if M & T's motion to transfer or stay the present suit is denied, M & T should be enjoined from proceeding with its infringement action in Illinois. This Court agrees. In the interest of the conservation of judicial resources and comprehensive disposition of the litigation between the two parties, litigation with common issues should not proceed simultaneously in two different forums. Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952). "Not only is an economic hardship imposed upon the parties, but litigation in two tribunals at the same time is a luxury not compatible with the efficient administration of justice." Research Corp. v. Radio Corporation of America, 181 F.Supp. 709, 711 (D.Del.1960). The instant suit was brought here on December 4, 1969. M & T's Illinois infringement action was not brought until April 6, 1970, after M & T was unsuccessful in transferring its earlier Ohio action to Illinois. Viewing the over-all equities, this Court concludes that it should afford relief to avoid duplicitous litigation between the

same parties involving the same subject. American Securit Co. v. Shatterproof Glass Corp., 166 F.Supp. 813 (D.Del. 1958); General Tire & Rubber Co. v. Iso-cyanate Products Co., 270 F.Supp. 868 (D.Del.1967), aff'd 391 F.2d 936 (C.A. 3, 1968). Accordingly, since the present case will not be transferred or stayed, the parties will be enjoined from proceeding further in the last filed infringement action brought by M & T in the Illinois Court.

Submit order.