The **AETNA CASUALTY AND SURETY COMPANY, Plaintiff,**

v.

**SINGER–GENERAL PRECISION, INC.**
and **Allstate Insurance Company, Defendants.**

Civ. A. No. 3855.

United States District Court, D. Delaware.

March 4, 1971.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del. and Willis H. Taylor, Jr., of Pennie, Edmonds, Morton, Taylor & Adams, New York City, of counsel, for plaintiff.

Edmund D. Lyons, of Morris, James, Hitchens & Williams, Wilmington, Del., and Richard G. Stephens, Binghamton, N. Y., and Edward L. Bell, New York City, and Francis L. Masselle, Binghamton, of counsel, for defendant Singer-General Precision, Inc.

Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Richard C. Browne and Dayton R. Stemple, Jr., of Browne, Beveridge & De Grandi, Washington, D. C., of counsel, for defendant Allstate Ins. Co.

## OPINION

**LATCHUM, District Judge.**

This patent infringement suit was brought pursuant to 35 U.S.C. § 281 seeking injunctive relief under 35 U.S.C. § 283 and money damages under 35 U.S.C. § 284. Jurisdiction is based upon 28 U.S.C. § 1338(a). The case is presently before the Court on a motion to transfer.

The complaint alleges that Singer-General Precision, Inc. ("Singer–GP") and Allstate Insurance Company ("Allstate") have infringed one or more of six patents owned by the plaintiff, Aetna Casualty and Surety Company ("Aetna"), by the manufacture and sale of automobile driving simulators used for driver education.

Invoking 28 U.S.C. § 1404(a), Singer–GP has moved to transfer the case to the Northern District of New York. While it has filed no formal motion, Allstate [1] has informally joined in this motion.

■ For purposes of venue in patent suits "where the defendant resides" means the state of incorporation of a corporate defendant. Devex Corp. v. General Motors Corp., 263 F.Supp. 17, 19 (D.Del.1967). Since Singer–GP is a Delaware corporation, venue as to it is proper under 28 U.S.C. § 1400(b).

Allstate contends that venue as to it is improper in this District. However, the issue of Allstate's venue is not presently before the Court. In light of the disposition of the present motion, at this time the Court need not pass upon the propriety of Allstate's venue in this District.

■ In order to transfer a case pursuant to § 1404(a) three statutory criteria, the convenience of parties, the convenience of witnesses, and the interest of justice, must be analyzed. Nocona Leather Goods Co. v. A. G. Spalding & Bros., 159 F.Supp. 269, 270 (D.

Del.1957). The burden of showing that a transfer is warranted is upon the moving party. Kewanee Oil Co. v. M & T Chemicals, Inc., 315 F.Supp. 652, 654 (D.Del.1970). Transfer should be denied in a patent case where the factors to be considered are evenly balanced, Paragon-Revolute Corp. v. C. F. Pease Co., 120 F.Supp. 488, 490 (D.Del.1954), or where the factors lean but slightly in favor of transfer. Nocona Leather Goods Co. v. A. G. Spalding & Bros., supra, 159 F.Supp. at 270. Mere desire of a defendant for transfer is not a sufficient basis for granting a motion to transfer. Brown v. Insurograph, Inc., 85 F.Supp. 328, 330 (D.Del.1949).

■ While it is true that the plaintiff's choice of forum is not conclusively determinative, Jahncke Service, Inc. v. OKC Corp., 301 F.Supp. 866, 868 (D.Del.1969); Glickenhaus v. Lytton Financial Corp., 205 F.Supp. 102, 106 (D.Del.1962); General Felt Products Co. v. Allen Industries, Inc., 120 F.Supp. 491, 493 (D.Del.1954), it is nevertheless entitled to some weight and should not be altered by the Court absent a showing that the three statutory factors favor transfer. Miller v. National Broadcasting Co., 143 F.Supp. 78, 81 (D.Del. 1956); Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, Inc., 136 F.Supp. 508, 510 (D.Del.1955); Paragon-Revolute Corp. v. C. F. Pease Co., supra, 120 F.Supp. at 489–490; *Cf.* Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., 99 F.Supp. 503, 505 (D.Del.1951).

Singer–GP contends that the case should be transferred because its manufacturing plants, its documentary records, and several models of its driving simulator are located at or near Binghamton, New York. In addition Singer–GP contends that all of its potential witnesses and any potential witness for Allstate reside in or near Binghamton and in other communities far removed from Delaware. Singer–GP

---

1. Because of an indemnity agreement between Singer-GP and Allstate, the principal party in interest in this litigation is Singer-GP.

**1144**

claims that the plaintiff will not be inconvenienced by a transfer. It also insists that the "enforceability" of any relief granted would be facilitated by transfer.

The plaintiff, Aetna, contends that Singer–GP has not met its burden of showing that transfer is warranted because it has failed to specify facts sufficient to show inconvenience of this forum to its witnesses. In addition, Aetna points out that both defendants have answered denying the allegations of infringement, asserted affirmative defenses and counterclaimed for a declaratory judgment that the patents are invalid, indicating that they will not be inconvenienced by litigation here.

■■ This Court is of the opinion that defendant Singer–GP has failed to make an adequate showing that transfer is warranted. It has failed to specify enough facts to show inconvenience to its witnesses. Factual details sufficient for this Court to determine whether the forum chosen by the plaintiff is inconvenient to a defendant's witnesses are necessary. United Air Lines, Inc. v. United States, 192 F.Supp. 795, 796 (D. Del.1959). When inconvenience to witnesses is alleged some information should be put in the record as to how many witnesses are involved, the materiality of these witnesses to the case, how far away they are from the transferee Court as compared with this Court, how long they will be required at the trial, and whether they are persons whose time is vitally important in the operation of the defendant's business. While it is true that at an early stage of the case when a transfer motion is filed it is not always possible to be too specific about the witnesses to be called, some factual information about the matter should be available and should be supplied to the Court. Therefore, the Court concludes that Singer–GP has not met its burden of showing that transfer should be ordered for the convenience of witnesses.

■ Nor has Singer–GP placed any factual information in the record to show that the volume of documentary evidence which it must bring to trial is so great that transfer is necessitated for party convenience. Once again, it appears to this Court that some factual details about the quantity, bulk, weight and size of the documents and the difficulty of transporting them to this Court as opposed to the transferee Court should be placed in the record in order for this Court to grant a motion for transfer on this basis. In addition, it should be noted that models of the machines involved are available, by Singer–GP's own admission, in Delaware as well as in New York. The Court concludes that insofar as the use of documentary evidence or models is concerned, Singer–GP has failed to meet its burden of showing that transfer should be ordered for party convenience.

Furthermore, the record is completely devoid of any showing that orders, decrees, or judgments which this Court may make in this case cannot be enforced absent transfer or that enforcement will be facilitated by transfer. The Court finds this reason for transfer totally without merit.

Nor is this Court persuaded that transfer should be allowed in this case because Judge Steel granted a motion to transfer an earlier pair of cases involving patents of a predecessor company to Singer–GP relating to jet simulators. An examination of Judge Steel's unreported opinion of May 13, 1960 in combined Civil Actions 2156 and 2171, Curtis-Wright Corp. v. General Precision, Inc., reveals numerous factors distinguishing those cases from the present case. There another lawsuit in New York was proceeding on the same subject matter, the New York suit was farther along than the Delaware suits, the possibility of an imminent stay of the Delaware suits was likely and the maintenance of suits in two fora was found to be a waste of judicial effort. The transfer ordered in these earlier cases does not support the granting of Singer–GP's motion to transfer the present case.

For the purpose of considering Singer–GP's showing as to the three statutory criteria for transfer, set out in 28 U.S.C. § 1404(a), this Court has assumed that the Northern District of New York would be a "district * * * where [the suit] might have been brought." However, because Allstate has objected to venue in this District on several grounds and because in a memorandum in support of its motion to transfer, Singer–GP has stated that Allstate would have the same objections to venue in the proposed transferee district, a serious question exists as to whether this Court has the power to transfer this case even if the three requisite showings had been made. It is now definitively established that a District Court has no power under § 1404(a) to transfer a case to a district where there is no proper venue, regardless of whether the defendant is willing to waive any venue objection in order to obtain the transfer. Hoffman v. Blaski, 363 U.S. 335, 343–344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); United Air Lines, Inc. v. United States, 192 F.Supp. 796, 799 (D.Del.1961).

In the present case Allstate has not indicated that it would fail to assert improper venue as a defense in the transferee forum. In fact, the memorandum of Singer–GP implies that the same objection to venue made here will be renewed in the transferee district, if the case is transferred. From this, it would appear that in order to transfer this case, in any event, it would be necessary to inquire into the question of venue as to Allstate, Faberge, Inc. v. Schick Electric, Inc., 312 F.Supp. 559, 560 (D.Del. 1970), even though that issue is not directly before this Court.[2] See Rosen v. Savant Instruments, Inc., 264 F.Supp. 232 (E.D.N.Y.1967). The impropriety of resolving an issue never briefed or argued, on the present meager record before the Court, is an additional ground for denying the motion to transfer.

Accordingly, this Court in its discretion, after weighing the relevant considerations, concludes that the Singer–GP motion to transfer this case to the Northern District of New York should be denied. An order will be so entered.

---

2. Nothing in this opinion should be construed as expressing any view concerning the propriety of venue as to Allstate in either District.