**KAISER INDUSTRIES CORPORATION, Vereinigte Oesterreichische Eisenund Stahlwerke Aktiengesellschaft and Brassert Oxygen Technik Ag., Plaintiffs,**

v.

**WHEELING–PITTSBURGH STEEL CORPORATION, Defendant.**

**KAISER INDUSTRIES CORPORATION, Vereinigte Oesterreichische Eisenund Stahlwerke Aktiengesellschaft and Brassert Oxygen Technik Ag., Plaintiffs,**

v.

**FORD MOTOR COMPANY, Defendant.**

Civ. A. Nos. 4094, 4095.

United States District Court,
D. Delaware.

June 22, 1971.

David Snellenberg, II, Wilmington, Del., Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, and Webb, Burden, Robinson & Webb, Pittsburgh, Pa., of counsel, for plaintiffs in both actions.

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, Del., Walter J. Blenko and Walter J. Blenko, Jr., Robert D. Yeager, of Blenko, Leonard & Buell, Pittsburgh, Pa., and Francis St. C. O'Leary, Pittsburgh, Pa., of counsel, for defendant Wheeling-Pittsburgh Steel Corp.

S. Samuel Arsht, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Fish & Neave, William K. Kerr, Henry J. Zafian and Albert E. Fey, New York City, of counsel, for defendant Ford Motor Co.

## OPINION

LATCHUM, District Judge.

These suits were brought by Kaiser Industries Corporation ("Kaiser") and the other named plaintiffs against Wheeling-Pittsburgh Steel Corporation ("Wheeling-Pittsburgh") and the Ford Motor Company ("Ford") alleging that the defendants' steelmaking process infringes United States Letters Patent No. 2,800,631 (the "Suess patent"), of which Kaiser, a Nevada corporation, is the exclusive licensing agent in the United States.

Wheeling-Pittsburgh has moved, pursuant to 28 U.S.C. § 1404(a), to transfer the case against it to either the Southern District of Ohio, Eastern Division, or to the Western District of Pennsylvania. Ford has moved to transfer the case against it to the Eastern District of Michigan, Southern Division.

The Suess patent has been and is the subject of extensive litigation by the plaintiffs against numerous alleged infringers. In a prior suit brought by the plaintiffs against the McLouth Steel Corporation, tried in the Eastern District of Michigan, Southern Division, the patent was held invalid. Henry J. Kaiser Co. et al. v. McLouth Steel Corp., 257 F.Supp. 372 (E.D.Mich.1966). The decision was affirmed by the Court of Appeals for the Sixth Circuit. Kaiser Industries Corp. et al. v. McLouth Steel Corp., 400 F.2d 36 (C.A.6, 1968). Certiorari was denied by the United States Supreme Court. Kaiser Industries Corp. et al. v. McLouth Steel Corp., 393 U.S. 1119, 89 S.Ct. 992, 22 L.Ed.2d 124 (1969). Another suit brought by the plaintiffs on the Suess patent, against Jones and Laughlin Steel Corporation, has been tried in the Western District of Pennsylvania and is currently awaiting decision. These two suits and eight others pending in other districts were only recently filed and are still in the pretrial stages.

Under § 1404(a) a case may be transferred to a "district or division where it might have been brought" if the transfer will be "[f]or the convenience of parties and witnesses, [and] in the interest of justice." There is no dispute that the action against Wheeling-Pittsburgh could have been brought in either the Southern District of Ohio or the Western District of Pennsylvania, since the only two of its plants utilizing the allegedly infringing process are located at Steubenville, Ohio, and Monessen, Pennsylvania.[1] It is also undisputed that the action against Ford could have been brought in the Eastern District of Michigan, Southern Division, since Ford's corporate headquarters is

---

1. 28 U.S.C. § 115 provides that Ohio is divided into a Northern and a Southern District. The Eastern Division of the Southern District includes Jefferson County, where Steubenville is located.

28 U.S.C. § 118 provides that Pennsylvania is divided into an Eastern, a Middle, and a Western District. The Western District includes Westmoreland County, where Monessen is located.

at Dearborn and its only steelmaking plant whose process is alleged to have infringed the Suess patent is located at Dearborn.[2]

However, at the outset the plaintiffs argue that transfer should be denied because of a limitation placed on § 1404 (a) by 28 U.S.C. § 1400(b). Under § 1400(b) a plaintiff in a patent infringement action may bring suit "where the defendant resides," i. e. in the state of incorporation of a corporate defendant,[3] even though no acts of infringement have occurred there. The plaintiffs contend that this indicates a Congressional intent to grant plaintiffs in patent infringement actions an absolute right to sue a defendant at his residence or corporate domicile. Thus, it is argued, ordering a transfer under § 1404(a) would frustrate this Congressional intent. Consequently, the plaintiffs assert that § 1404(a) transfer is unavailable when an alleged patent infringer is sued where he resides rather than where some act of infringement occurs.

■ No case has been cited to this Court nor has this Court found any authority so holding. Both §§ 1400(b) and 1404(a) were part of the 1948 revision of the Judicial Code. Nothing in either section or in any other provision of the Judicial Code purports to restrict the application of § 1404(a) in patent suits. In Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, 10 A.L.R.2d 921 (1949); Kilpatrick v. Texas & Pacific Ry. Co., 337 U.S. 75, 69 S.Ct. 953, 93 L.Ed. 1223 (1949) and United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949) the United States Supreme Court held that § 1404(a) was applicable to *any* civil action regardless of whether venue was founded upon general venue statutes or special venue statutes. In Cinema Amusements, Inc. v. Loew's, Inc., 85 F. Supp. 319, 322–323 (D.Del.1949), a civil

antitrust suit, this Court rejected the argument that a § 1404(a) transfer could not be ordered where the corporate defendants were domiciled in the forum state. The argument carries no more logic in a patent infringement suit. Therefore it is obvious that § 1400(b) does not preclude this Court from transferring a case under § 1404(a) even though Delaware is the state "where the defendant resides."

■ Having found that there is power to transfer, the question becomes whether there has been a sufficient showing, in light of the three statutory criteria—convenience of parties, convenience of witnesses and interest of justice—to cause this Court to order a change of venue. Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, Inc., 136 F. Supp. 508, 510 (D.Del.1955). Whether to permit the transfer of a case to another district or division under § 1404(a) is a matter which rests in the sound discretion of the Court. Berk v. Willys-Overland Motors, Inc., 107 F.Supp. 643, 644 (D.Del.1952).

■■ The burden of showing that transfer is warranted is on the moving party. Kewanee Oil Co. v. M & T Chemicals, Inc., 315 F.Supp. 652, 654 (D.Del. 1970); Faberge, Inc. v. Schick Electric, Inc., 312 F.Supp. 559, 560 (D.Del.1970). The mere desire of a defendant for transfer to a different forum is not a sufficient basis for granting a motion to transfer. Brown v. Insurograph, Inc., 85 F.Supp. 328, 330 (D.Del.1949).

■■ In considering a motion to transfer the plaintiff's choice of forum is entitled to substantial weight. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (C.A.3, 1970), cert. den. 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., 99 F.Supp. 503, 505 (D.Del.1951); *Cf.* General Felt

---

2. 28 U.S.C. § 102 provides that Michigan is divided into an Eastern and a Western District. The Southern Division of the Eastern District includes Wayne County, where Dearborn is located.

3. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Devex Corp. v. General Motors Corp., 263 F.Supp. 17, 19 (D.Del.1967).

Products Co. v. Allen Industries, Inc., 120 F.Supp. 491, 493 (D.Del.1954). However, the mere fact that Delaware is the plaintiffs' choice of forum and the defendant's state of incorporation will not, standing alone, prevent this Court from transferring the suit to another forum. Jahncke Service Inc. v. OKC Corp., 301 F.Supp. 866, 868 (D.Del. 1969); Glickenhaus v. Lytton Financial Corp., 205 F.Supp. 102, 106 (D.Del. 1962).

Transfer should be denied in a patent case where the factors to be considered are evenly balanced or where the factors lean but slightly in favor of transfer. Aetna Casualty & Surety Co. v. Singer-General Precision, Inc., 323 F. Supp. 1141, 1143 (D.Del.1971). In order for a transfer motion under § 1404(a) to be granted the moving party's reasons should be fairly substantial. Nocona Leather Goods Co. v. A. G. Spalding & Bros., Inc., 159 F.Supp. 269, 270 (D.Del. 1957).

*Convenience of Parties.* The plaintiffs and defendants in these cases are all corporations. There is no indication that any officers of these corporations, other than those who will be witnesses, intend to be present at the trial. Two of the plaintiffs are foreign corporations, one being Austrian and the other Swiss. Getting to this Court or to any other District Court in this country will involve lengthy travel. Kaiser, Wheeling-Pittsburgh, and Ford are all large corporations with bases of operation in a number of states. *Cf.* Jahncke Service, Inc. v. OKC Corp., 301 F.Supp. 866, 867–868 (D.Del.1969). Therefore, the convenience of the parties does not weigh strongly in favor of transfer.

*Convenience of Witnesses.* Both of the moving defendants have alleged that transfer would afford their witnesses a more convenient forum. In order for the Court to ascertain whether transfer is warranted for the convenience of witnesses, some factual material must be supplied by the moving party sufficient for the Court to make a de-

termination as to the balance of conveniences. United Air Lines, Inc. v. United States, 192 F.Supp. 795, 796 (D.Del.1959).

In the recent case of Aetna Casualty & Surety Co. v. Singer-General Precision, Inc., 323 F.Supp. 1141 (D. Del.1971) this Court articulated the factual details necessary in order for the Court to determine whether the forum chosen by the plaintiff is inconvenient to the defendant's witnesses. The Court stated:

> "When inconvenience to witnesses is alleged some information should be put in the record as to how many witnesses are involved, the materiality of these witnesses to the case, how far away they are from the transferee Court as compared with this Court, how long they will be required at the trial, and whether they are persons whose time is vitally important in the operation of the defendant's business. While it is true that at an early stage of the case when a transfer motion is filed it is not always possible to be too specific about the witnesses to be called, some factual information about the matter should be available and should be supplied to the Court." 323 F.Supp. at 1144.

If possible, some indication should also be given that the transferee forum will be as convenient or more convenient to the plaintiff's witnesses as this forum or that any slight increase in inconvenience to them is greatly outweighed by the increase in convenience to the defendant's witnesses.

It is obvious from an examination of the affidavits filed in these two suits that neither moving party has met these requirements. Virtually nothing in the way of supporting affidavit material has been supplied by Wheeling-Pittsburgh. Ford, on the other hand, has supplied some information about possible witnesses and a comparison of the travel time for their travel to Detroit, Michigan, as compared with Wilmington. These affidavits of Ford in-

dicate, however, that for a number of the witnesses travel time would actually be increased if the case were transferred to Detroit. Therefore, on the present record the convenience of the witnesses does not weigh strongly in favor of transfer.

*Interest of Justice.* It is this third statutory factor which most strongly militates against transfer of these cases at this time. This Court has long recognized that of the three statutory standards which must be considered on a motion for transfer under § 1404(a), "the interest of justice" is a factor entitled to the greatest weight. Lank v. Federal Insurance Co., 309 F. Supp. 349, 352–353 (D.Del.1970); see also Cinema Amusements, Inc. v. Loew's, Inc., 85 F.Supp. 319, 326 (D.Del.1949); Miller v. National Broadcasting Co., Inc., 143 F.Supp. 78, 82 (D.Del.1956); Glickenhaus v. Lytton Financial Corp., 205 F.Supp. 102, 105 (D.Del.1962).

The Suess patent has already been the subject of long and exhaustive trials in Michigan and Pennsylvania. In addition to the two suits filed in this District there are eight other suits now pending involving this patent. Two are in the Northern District of Illinois, Eastern Division, two in the Northern District of Indiana, and one each in the Southern District of Illinois, Southern Division, the District of Colorado, the Northern District of West Virginia, and the Western District of New York.[4] Under the recent United States Supreme Court case of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) a plea of collateral estoppel may be asserted by a defendant in a patent infringement suit against the patentee-plaintiff, where the patent has been held invalid in prior litigation, notwithstanding the lack of mutuality of the estoppel, unless the patentee-plaintiff can demonstrate that he did not have a fair opportunity procedurally, substantively, or evidentially to prove his claim in the prior litigation. A motion for judgment on the pleadings, based upon Blonder-Tongue, has been filed by Ford in the case against it.[5] In both of the present suits motions for consolidation and pretrial transfer under 28 U.S.C. § 1407 have been filed by the plaintiffs with the Judicial Panel on Multidistrict Litigation.

In light of the circumstances surrounding the litigation involving the validity of the Suess patent, it is fairly obvious that the Judicial Panel on Multidistrict Litigation will probably consolidate all ten of these untried cases and transfer them, under § 1407, to a single district for pretrial proceedings. The defendants contend that the plaintiffs' pending § 1407 motions do not restrict this Court's power to order transfer under § 1404(a). The Court agrees with this. See General Tire & Rubber Co. v. Jefferson Chemical Co., Inc., 50 F.R.D. 112, 116 (S.D.N.Y.1970); In re Frost Patent, 316 F.Supp. 977, 978 (Jud. Pan.Mult.Lit.1970). However, this does not mean that the Court should ignore the § 1407 motions or their possible consequences in passing upon the § 1404(a) motions.

Title 28 U.S.C. § 1407 provides that "civil actions involving one or more common questions of fact * * * pending in different districts * * * may be transferred to any district for coordinated or consolidated *pretrial proceedings.*" Nowhere in the statute is there a definition of what is included within the scope of the phrase "pretrial pro-

---

4. It has been represented to the Court that the case pending against Republic Steel Corporation in the Western District of New York has been transferred under 28 U.S.C. § 1404(a) to the Northern District of Ohio. It has also been represented that a motion to transfer the pending case in the Northern District of Illinois against the United States Steel Corporation to the Western District of Pennsylvania is awaiting decision.

5. The defendants in both cases have pleaded collateral estoppel as an affirmative defense.

ceedings." However, the legislative history makes it clear that, while the impetus for the adoption of the legislation was a desire to simplify discovery procedures in multidistrict litigation, it was the intent of Congress to grant to the transferee district court under § 1407 the power to pass upon all pretrial motions, including motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment. See House Report No. 1130, 90th Congress, 2d Session, 1968 U.S.Code Cong. & Admin.News, pp. 1898, 1900; see also Control Data Corp. v. International Business Machines Corp., 306 F.Supp. 839, 852 (D.Minn.1969), aff'd sub nom. Data Processing Financial & General Corp. v. International Business Machines Corp., 430 F.2d 1277 (C.A.8, 1970); In re Fourth Class Postage Regulations, 298 F.Supp. 1326, 1327–1328 (Jud.Pan. Mult.Lit.1969); *note* In re Plumbing Fixtures, 298 F.Supp. 484 (Jud.Pan. Mult.Lit.1968). Thus the resolution of the issue of the application of collateral estoppel under the rationale of *Blonder-Tongue* is a matter which the § 1407 transferee Court would have ample authority to resolve and which could be resolved by it as a matter of justice and judicial efficiency.

■ Transfer under § 1404(a) is a transfer of the entire case, chiefly for the purpose of a trial on the merits in a more convenient forum. These present cases could possibly be resolved without trial, by a § 1407 transferee Court, on the basis of collateral estoppel, in accordance with *Blonder-Tongue*. It is therefore the opinion of this Court that the motions to transfer under § 1404(a) are premature and in the interest of justice should be denied pending the disposition of the motions already filed with the Judicial Panel on Multidistrict Litigation and the possible resolution of any pretrial motions for dismissal, judgment on the pleadings, or summary judgment by the § 1407 transferee Court.

In the event that the Judicial Panel on Multidistrict Litigation does not grant the plaintiffs' motions to consolidate the pending cases under § 1407 or in the event that the § 1407 transferee Court should decline to pass upon the issue of collateral estoppel or should hold that, under the standards set by *Blonder-Tongue*, the doctrine of collateral estoppel is inapplicable to these cases, then upon a further and more definite showing that the three statutory criteria of § 1404(a) are met, the respective defendants' motions for transfer under § 1404(a) may be renewed in this Court. Transfer under § 1407 does not prevent this Court from considering a motion for transfer under § 1404(a) after the pretrial proceedings are completed. In re Grain Shipments, 300 F.Supp. 1402, 1404 (Jud.Pan.Mult.Lit.1969).

Accordingly, at this time, without prejudice, the motion of Wheeling-Pittsburgh Steel Corporation to transfer Civil Action No. 4094 to the Southern District of Ohio, Eastern Division, or to the Western District of Pennsylvania and the motion of Ford Motor Company to transfer Civil Action No. 4095 to the Eastern District of Michigan, Southern Division, are hereby denied.

Submit orders in accordance with this opinion.